Edward Charles PICKENS *v.* CIRCUIT COURT
OF PRAIRIE COUNTY, ARKANSAS,
and Honorable Cecil A. TEDDER, Circuit Judge

CR 76-186                                   671 S.W.2d 163

Supreme Court of Arkansas
Opinion delivered June 25, 1984

*Ray Hartenstein* and *Jeff Rosenzweig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell* and *Leslie M. Powell,* Asst. Attys. Gen., for appellee.

PER CURIAM. Petitioner Pickens was found guilty of capital murder committed in 1975 in Arkansas County. The case was moved on a defense motion for change of venue to Prairie County which was then in the same judicial district. A sentence of death was imposed.

On January 30, 1984, the United States District Court vacated petitioner's death sentence as the 8th Circuit Court of Appeals had ordered it to do. *See Pickens* v. *Lockhart,* 714 F. 2d 1455 (8th Cir. 1983). On February 2, 1984, the State asked this Court to vacate the death sentence and reinvest the Circuit Court of Prairie County with jurisdiction to resentence petitioner. We granted the motion on February 23, 1984. The resentencing procedure is scheduled to begin on July 17, 1984 in Prairie County.

Petitioner now requests this Court to issue a writ of prohibition barring the resentencing in Prairie County and a writ of mandamus compelling the trial judge to issue subpoenas for certain witnesses to testify at the resentencing proceeding.

Petitioner bases his petition for writ of prohibition on the ground that jurisdiction lies in Arkansas County. Petitioner argues that the resentencing is a new trial with a new jury, not a continuation of the old trial; therefore, jurisdiction should revert to the county in which the crime was committed.

Prohibition is an extraordinary remedy which does not

lie unless the trial court is wholly without jurisdiction. *Ferguson* v. *Martineau,* 115 Ark. 317, 171 S.W. 472 (1914). We do not find the Circuit Court of Prairie County to be wholly without jurisdiction and accordingly deny the petition for writ of prohibition. The statute under which a defendant is resentenced following remand of a capital case after vacation of the death sentence provides that resentencing shall be conducted in "the trial court in the jurisdiction in which the defendant was originally sentenced." Ark. Stat. Ann. § 41-1358 (Supp. 1983). Since petitioner was originally sentenced in Prairie County, jurisdiction in his case is now in Prairie County. Petitioner may challenge the jurisdiction of Prairie County by appeal. *Springdale School District* v. *Jameson,* 274 Ark. 78, 621 S.W.2d 860 (1981).

Petitioner asks whether it is relevant that Arkansas and Prairie counties are no longer in the same judicial district and whether resentencing is a separate trial or a continuation of the original trial. We need not address either issue now. Petitioner may raise the questions and others he deems pertinent in the trial court. Issues decided against him may be argued on appeal.

Petitioner's petition for writ of mandamus is also denied. Petitioner submitted to the federal district court the affidavits of sixteen witnesses who could present testimony in mitigation at his resentencing. Petitioner moved to have those witnesses subpoenaed at government expense but the trial court declined to issue subpoenas for them. Even though it may be the better course for the trial court to issue the subpoenas in this case, the issuance of a subpoena for a material nonresident witness at government expense is discretionary. *Wright* v. *State,* 267 Ark. 264, 590 S.W.2d 15 (1979). Mandamus will not lie to compel the trial court to change a ruling on a matter within its discretion. *State ex rel Purcell* v. *Nelson,* 246 Ark. 210, 438 S.W.2d 33 (1969). Again, petitioner's remedy is an appeal if he desires to challenge the trial court's decision.

Petition denied.