Edward Charles PICKENS *v.* STATE of Arkansas

CR 76-186                                   683 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Jeff Rosenzweig,* for petitioner.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Edward Charles Pickens was found guilty of capital felony murder in 1976 and sentenced to death. We affirmed the conviction and sentence. *Pickens v. State,* 261 Ark. 756, 551 S.W.2d 212 (1977); *cert. denied* 435 U.S. 909 (1978). We also denied petitioner's petition for

postconviction relief. *Pickens* v. *State*, CR 76-186 (November 3, 1981).

Petitioner filed a petition for writ of habeas corpus in federal district court which was denied. *Pickens* v. *Lockhart*, 542 F. Supp. 585 (1982). On appeal, the Eighth Circuit Court of Appeals found ineffective assistance of counsel in the penalty phase and remanded to the district court with instructions to vacate the death sentence and either reduce the sentence to life without parole or conduct a new sentencing procedure. *Pickens* v. *Lockhart*, 714 F. 2d 1455 (8th Cir. 1983). On the State's motion, we reinvested the Circuit Court of Prairie County with jurisdiction to resentence the petitioner.

After voir dire of the jury panel had begun, one of the State's witnesses at the original trial, Harold Goacher, informed the prosecutor that what he had said petitioner Pickens had done during the crime, Antonio Clark did, and what he said Clark did, petitioner had done. Petitioner moved for a hearing to place Mr. Goacher under oath to explore the matter but the trial court refused the request.

Petitioner has now filed a petition in this Court for writs of mandamus, certiorari and error coram nobis. We find no ground for granting any of the writs.

Petitioner seeks a writ of mandamus to compel the trial court to conduct a hearing on Mr. Goacher's testimony. Mandamus is an extraordinary writ issued to require an inferior court to act when it has improperly failed or declined to do so. It is never applied to control the discretion of a trial court, nor can it be used to correct an erroneous exercise of discretion. *State ex. rel. Purcell* v. *Nelson*, 246 Ark. 210, 438 S.W.2d 33 (1969). If petitioner concludes that the resentencing procedure has been rendered unfair by the failure to hold a hearing, his remedy is on appeal, not a mandamus action.

Citing our recent holding in *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984), wherein we discussed error coram nobis as a remedy where there is newly discovered evidence,

petitioner argues that he is entitled to an evidentiary hearing to determine if Goacher's pronouncements warrant the granting of a new trial. *Penn*, however, concerns evidence discovered between the time for filing a motion for new trial has expired and the time the case is affirmed on appeal. In petitioner's case, the guilt phase of his trial has been affirmed. The Eighth Circuit Court of Appeals ordered no new trial of that phase. We made it clear in *Penn* such information was not a basis for a new trial. According to our decision, such information must be presented in a clemency proceeding.

Furthermore, even if the petition for writ of error coram nobis were timely, the record does not indicate that there would be any difference in the outcome of the guilt phase. Mr. Goacher testified that both of the men he described as dark-skinned men (Clark and Pickens) did the shooting, although he did not separate their specific actions. Since Clark was also found guilty and received the death penalty, it cannot be said that the result of the guilt phase would have been different. If Goacher's testimony would go to mitigation, it may be heard in the sentencing proceeding now in progress.

Finally, petitioner seeks a writ of certiorari to clarify jurisdiction and venue questions and to determine who should prosecute the case if a hearing is granted. Since we have addressed the issue of venue and jurisdiction in an earlier opinion, we decline to do so a second time. *Pickens* v. *Circuit Court of Prairie County, et al,* 283 Ark. 97, 671 S.W.2d 163, (1984). We also decline to decide who should be the prosecutor if the trial court elects to have a hearing. The trial judge may appoint a special prosecutor if he deems necessary.

Writs denied.