Floyd WILLIAMS *v.* John LANGSTON, Judge,
Fourth Division,
Circuit Court of Pulaski County

CR 76-93                                        688 S.W.2d 285.

Supreme Court of Arkansas
Opinion delivered April 22, 1985

Petitioner, *pro se.*

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst.
Att'y Gen., for appellee.

PER CURIAM. Petitioner was convicted by a jury of
capital felony murder and sentenced to life imprisonment
without parole. We affirmed. *Williams* v. *State,* 260 Ark. 457,
541 S.W.2d 300 (1976). In 1976, petitioner filed a petition for
postconviction relief pursuant to Arkansas Criminal Pro-
cedure Rule 37 which was denied. He was allowed to file a
second Rule 37 petition in 1979 because his original petition
presented only conclusory allegations. This petition was
also denied. We denied a third petition for postconviction
relief in 1981.

Petitioner has now filed a petition for writ of mandamus, asking this Court to direct the Circuit Court of Pulaski County to act on a petition for writ of error coram nobis which he filed in that court on September 20, 1984.

Once a conviction has been affirmed on appeal, error coram nobis is not available to secure a new trial on the basis of newly discovered evidence or to raise issues which are properly raised in a petition pursuant to Criminal Procedure Rule 37. *See Pickens* v. *State,* 284 Ark. 506, 683 S.W.2d 614 (1985); *see also Penn* v. *State,* 282 Ark. 571, 670 S.W.2d 426 (1984). If a petitioner discovers some ground for relief such as that claimed by the petitioner in *Pickens* after a judgment is affirmed, he may present that ground in a clemency proceeding. Allegations of constitutional error and ineffective assistance of counsel, such as those argued by petitioner in his error coram nobis petition, may be argued on direct appeal and under our postconviction rule. We expanded the writ of error coram nobis in *Penn* to fill a gap in the legal system. Petition for writ of error coram nobis is not available after we review a case. Petitioner's conviction was affirmed and three petitions for postconviction relief were considered and denied; therefore, it is not an appropriate remedy in this case. As the circuit court has no duty to grant relief to petitioner, the petition for writ of mandamus is dismissed.

Petition dismissed.