Timothy Ellis McDANIEL *v.* STATE of Arkansas

CR 84-54 691 S.W.2d 153

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*Appellant*, pro se.

No response.

PER CURIAM. Petitioner Timothy Ellis McDaniel was found guilty by a jury of first degree murder and sentenced to life imprisonment in the Arkansas Department of Correction. We affirmed on October 8, 1984. *McDaniel* v. *State*, 283 Ark. 352, 679 S.W.2d 732 (1984).

On February 19, 1985, petitioner filed in the circuit court a petition for writ of error coram nobis and a motion for new trial. The basis of both the petition and motion was the allegation that petitioner's co-defendant Jaran Gookin had recently signed an affidavit admitting that he, not petitioner, shot the murder victim. The trial court denied the motion for new trial as untimely. It treated the error coram nobis petition as a petition to proceed pursuant to A.R.Cr.P. Rule 37 and also denied it. The court correctly concluded that since petitioner's case had been affirmed on appeal, he was required to secure permission from this Court to proceed under Rule 37 in the trial court. Rule 37.2

(a). Petitioner McDaniel has not requested or received such permission from this Court.

Petitioner has now filed a motion asking that we grant an extension of time for him to file a petition for writ of certiorari challenging the denial of the petition for writ of error coram nobis. Since the trial court treated his error coram nobis petition as a Rule 37 petition, he has also filed a notice of appeal in the circuit court, apparently because a direct appeal is the proper means to obtain a review of the denial of relief sought under Rule 37.

■■ The petition for extension of time to file a petition for writ of certiorari is denied. Petitioner was not entitled to relief on a writ of error coram nobis. Once a conviction has been affirmed on appeal, error coram nobis is not available to secure a new trial on the basis of newly discovered evidence. *Williams* v. *Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985); *See also Pickens* v. *State*, 284 Ark. 506, 683 S.W.2d 614 (1985); *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984). If a petitioner discovers some ground for relief such as that claimed by this petitioner after a judgment is affirmed, he may present that ground in a clemency proceeding. *Williams* v. *State*. As the trial court was correct that it did not have jurisdiction to act on the petition whether the court considered it to be either a petition for writ of error coram nobis or a Rule 37 petition, there is no cause for this Court to consider further petitioner's motion for extension of time to file a petition for writ of certiorari.

Motion denied.