Billy Joe EDGEMON *v.* STATE of Arkansas

CR 87-26                                    730 S.W.2d 898

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Billy Joe Edgemon was

convicted in 1981 of first degree murder for causing the death of Jimmy McCormick and was sentenced to life imprisonment. This court affirmed his conviction in 1982. *Edgemon v. State*, 275 Ark. 313, 630 S.W.2d 26 (1982). Edgemon's application for post conviction relief was denied by this court on December 5, 1983, in an unpublished opinion. On January 25, 1985, Edgemon filed a *pro se* petition in the trial court seeking a writ of error *coram nobis* because of newly discovered evidence. After a hearing on the petition, at which Edgemon was represented by counsel, the trial court denied relief. It is from that decision that this appeal is brought. We affirm.

We first explained in *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984) that writs of error *coram nobis* will be permitted based on newly discovered evidence if the evidence is such that it might have resulted in a different verdict, provided the writ is filed between the trial and an appeal. In *Williams* v. *Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985) we clearly stated:

> Once a conviction has been affirmed on appeal, error coram nobis·is not available to secure a new trial on the basis of newly discovered evidence or to raise issues which are properly raised in a petition pursuant to Criminal Procedure Rule 37. . . . If a petitioner discovers some ground for relief . . . . after a judgment is affirmed, he may present that ground in a clemency proceeding. . . We expanded the writ of error coram nobis in *Penn* to fill a gap in the legal system. Petition for writ of error coram nobis is not available after we review a case.

*See also, Pickens* v. *State*, 284 Ark. 506, 683 S.W.2d 614 (1985); *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986).

Inasmuch as Edgemon filed his writ of error *coram nobis* after this court had affirmed his conviction, it was properly denied by the trial court. Although the trial court based its denial of relief on the fact that the newly discovered evidence would not have changed the outcome of the original verdict, we uphold the decision denying the writ even though it was done for the wrong reason. *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985). Once this court affirmed the conviction, the trial court lost jurisdiction in the matter. *McDaniel* v. *State*, 286 Ark. 246, 691

S.W.2d 153 (1985).

Affirmed.