**Vernon Ray COPE, Petitioner,**

v.

**A.L. LOCKHART, Director of the Arkansas Department of Correction, Respondent.**

No. PB–C–88–216.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 27, 1990.

Vernon Ray Cope, pro se.

Lynley C. Arnett, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for respondent.

### MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

INTRODUCTION. The Court has received a *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 from petitioner, Vernon Ray Cope. He is currently serving two consecutive life sentences in the custody of the Arkansas Department of Correction. See Application at 2.

On June 25, 1986, petitioner was convicted in Craighead County Circuit Court of two counts of rape.[1] *See* Application at 2. The jury sentenced him to life in prison on each count, and the trial court ordered the sentences to be served consecutively. *See* Application at 2. Despite his assertion of prejudicial error,[2] the judgment of conviction was affirmed by the Arkansas Su-

---

1. Petitioner was convicted of raping his daughters, Jennifer and Debra.

2. The claims petitioner pressed on appeal were: (1) the sufficiency of the evidence supporting his conviction for raping Jennifer, (2) the suffi-

ciency of the evidence supporting his conviction for raping Debra, (3) the admission of an inculpatory statement, and (4) the trial court's denial of his request for a bill of particulars.

preme Court. See *Cope v. State*, 292 Ark. 391, 730 S.W.2d 242 (1987).

Petitioner subsequently filed a request in the state supreme court for permission to proceed in the trial court pursuant to Ark. R.Crim.P. 37. His only claim was "that the information issued which charged him with rape was defective because it states, 'comes the Prosecuting Attorney for Craighead County,' rather than stating the prosecutor's name, and because there is no endorsement by the court clerk." Respondent's Exhibit C. The request was denied. See Respondent's Exhibit C.

Petitioner maintains, and the Court accepts for purposes of this Memorandum Opinion and Order, that he next filed a request in the state supreme court for permission to proceed in the trial court pursuant to a writ of error *coram nobis*.[3] This request was also denied. *See* Application at 4. The pending application soon followed.

EXHAUSTION. As a preliminary matter, respondent acknowledges, and the Court finds, that petitioner has exhausted his available state remedies. He can do nothing else in an Arkansas state court. *See Wayne v. White*, 735 F.2d 324, 325 (8th Cir.1984) (when there is no presently available state remedy, failure to exhaust is not a bar to a federal *habeas corpus* proceeding).

PROCEDURAL DEFAULT. In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the United States Supreme Court stated that a federal court should not reach the merits of a litigant's *habeas corpus* allegation if he has procedurally defaulted in raising the claim in state court. The exception created by the Supreme Court permits the allegation to be addressed if the litigant can show "cause" for his failure to assert the claim and "prejudice" resulting from that failure.

Respondent maintains that petitioner has failed to assert the claims at bar in state court and is therefore precluded from asserting them now. "[He] raises four grounds in his habeas petition, each of which alleges ineffective assistance of counsel. None of these grounds were raised by [him] in his *pro se* Rule 37 [request]." Response at 2. Petitioner agrees that none of the claims at bar were raised in his Rule 37 request. Although he confuses the requirements of *Wainwright v. Sykes* with the exhaustion requirement of § 2254(b), he maintains that these claims were raised in his application for a writ of error *coram nobis*.

On February 1st 1988, petitioner placed in the U.S. Mail, a petition for permission to proceed in the trial court on a writ of error coram nobis, which was denied on February 12th, 1988 by the Supreme Court. In this petition, petitioner cited *Haines v. Kerner*, ..., and that the court designate the petition under the proper heading and into the proper form, and grant or cause the granting of the appropriate relief,....

Note: If state court refused to hear issue(s), it is sufficient to meet the exhaustion rule if issues are presented irregardless.

In order to have exhausted remedies, does not require that the state court *actually* decide the issue(s).

All that is necessary is that the state court be given the fair opportunity to decide it, ... [Sic].

Reply at 4. The question the Court must answer is whether he has adequately presented his claims to the state court by way of his application for a writ of error *coram nobis*.

A writ of error *coram nobis* is available in the State of Arkansas "only when there exist[s] some fact that would have prevented the rendition of judgment had the fact been known to the trial court." *Bell v. State*, 287 Ark. 430, 700 S.W.2d 788, 788

---

3. He alleges, and the Court accepts, that he raised the following claims in this pleading: Counsel denied petitioner due process, and was ineffective in allowing bias and prejudice in jury selection, video tapeing, no probably cause, determination, the use of illegal and constitutionally infirm rules of evidence the method used by the state in selecting a jury, which does not in any manner, represent a true cross section of the community. [Sic]. Application at 4.

(1985). The writ provides no relief to a litigant whose attorney may have been ineffective. *See Id.* (assertion that trial counsel ignored client's plea for an appeal cognizable in a Rule 37 proceeding but does not prevent the rendition of judgment). It is not available for any reason after a judgment is affirmed. *See Edgemon v. State,* 292 Ark. 465, 730 S.W.2d 898 (1987); *Williams v. Langston,* 285 Ark. 444, 688 S.W.2d 285 (1985). *See also* Letter to Petitioner from Sue Newberry, Criminal Justice Coordinator for the Arkansas Supreme Court.

The Court believes it is beyond dispute that petitioner has not adequately presented the claims at bar to an Arkansas state court. First, he submitted his application for a writ of error *coram nobis* after the judgment was affirmed, and Arkansas case law is clear that relief from the judgment was not available to him when he attempted to file the pleading. Second, the claims he raised in his application were not cognizable in such a proceeding but rather in a Rule 37 request. Thus, as a matter of law, the Supreme Court of Arkansas could not have acted upon his application. It is not insignificant that the letter of Sue Newberry, Criminal Justice Coordinator for the Arkansas Supreme Court, establishes that his application was simply returned to him without having been filed. *See* Letter. The claims at bar are therefore barred unless he can satisfy the "cause" and "prejudice" requirements of *Wainwright v. Sykes.*

Petitioner was aware that he faced the procedural bar issue and submitted a reply addressing the issue on June 7, 1988. The Court has examined this submission for some justification for his failure to adequately present his claims in state court. The Court can find nothing. He cannot satisfy the "cause" requirement by asserting his trial attorney's ineffectiveness because "[a] claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for [a] procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart,* 822 F.2d 764, 768 n. 5 (8th Cir. 1987). Moreover, having read the record,

the Court cannot say that this case is an instance in which a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The Court therefore finds the claims at bar to be procedurally barred from consideration.

CONCLUSION. Because the claims are procedurally barred, the application is dismissed. Petitioner's motions for discovery, for production, and for counsel are denied.

IT IS SO ORDERED.