Billy J. EDGEMON, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 89-2969EA.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Dec. 21, 1990.

Rehearing Denied Feb. 11, 1991.

Guy A. Wade, Little Rock, Ark., for appellant.

Olan W. Reeves, Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

ARNOLD, Circuit Judge.

We have before us Billy Joe Edgemon's third federal habeas corpus petition. This *pro se* petition claimed that Edgemon's lawyer was constitutionally ineffective during an evidentiary hearing we ordered on remand of his first habeas petition. The District Court[1] dismissed Edgemon's latest petition for failing to state a claim. There is, of course, no constitutional right to an effective lawyer in post-conviction proceedings such as federal habeas. Edgemon asked for and received a certificate of probable cause to take this appeal. We appointed counsel, whom we now thank for his diligent efforts on the petitioner's behalf.

Edgemon has recast his arguments on appeal. He now contends that the constitutional error lies in the lack of a full and fair hearing on our remand of his first petition, rather than in his lawyer's performance there. While we have our doubts whether his latest petition comprehends this broader claim, even reading it liberally as a *pro se* effort, we nonetheless assume for purposes of this appeal that petitioner's modification is well grounded. Our cases teach that, with important qualifications, if the "ends of justice" would be served, a federal court sitting in habeas can revisit constitutional issues that were previously raised and supposedly settled in an earlier habeas proceeding. A sufficiently strong argument that Edgemon's former hearing

1. The Hon. Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas. Judge Reasoner acted on the recommendation of the Hon. John F. Forster, Jr., Magistrate Judge.

was inadequate would go some distance toward satisfying this standard. We of course do not sit as triers of fact; in an appeal of this sort we must decide only whether petitioner's legal claims merit further fact-finding. Edgemon thus asks that we order another hearing on the claim underneath all his many efforts for post-conviction relief: that his trial lawyer was constitutionally deficient in his performance.

Because Edgemon's allegations come so late in the day, however, he must first climb another hill before this Court can consider the merits of his request for another hearing. Edgemon must offer a good legal reason for failing to argue in his second federal habeas petition what he argues now in his third petition. Edgemon has not carried that burden. We thus affirm the District Court's dismissal of Edgemon's latest petition for federal habeas corpus relief.

## I.

The procedural background of Edgemon's case is extensive. He was convicted of first-degree murder in 1981 and sentenced to life in prison. His conviction was affirmed on direct appeal. *Edgemon v. State*, 275 Ark. 313, 630 S.W.2d 26 (1982). A petition for state post-conviction relief alleging various instances of his trial counsel's alleged ineffectiveness was summarily denied. *Edgemon v. State*, No. CR–81–110, 1983 WL 2182 (Ark. Dec. 5, 1983) (per curiam) (unpublished opinion). He then filed his first federal habeas petition. That petition repeated his general claim of ineffective assistance of counsel and expanded the list of trial counsel's actions that supposedly fell below the constitutional mark. The District Court denied the petition without a hearing.

This Court affirmed that decision in part, and remanded the cause for an evidentiary hearing on two aspects of Edgemon's ineffectiveness claim: alleged conflicts of interest stemming from his trial counsel's representation of both a prosecution witness and the Sheriff who investigated this murder, and trial counsel's failure to object to a

juror named Paul Jobe, whom Edgemon alleged to be mentally defective and therefore incompetent to serve. *Edgemon v. Lockhart*, 768 F.2d 252 (8th Cir.1985). One of Edgemon's contentions, that we rejected on the merits then but that resurfaced later in slightly different form, was that his lawyer was ineffective for stipulating to the admission of a police officer's affidavit. The affidavit synopsized what an unavailable witness named Don Holloway had told the police about this crime. Holloway was Edgemon's friend, and was listed as a witness for both sides. He was hospitalized at the time of trial after suffering a heart attack.

The dispute over what happened, and what should have happened, at the hearing after our remand has generated this latest habeas petition. Edgemon, represented by counsel, called several witnesses to prove his ineffectiveness claim. His trial counsel, Lonnie Turner, was questioned extensively about his concurrent representation of one of the prosecution's witnesses in a divorce matter and about his former representation of the Sheriff who investigated this crime. Turner was also pressed about his failure to strike Paul Jobe from Edgemon's jury. Turner testified that he never felt his loyalties were divided to Edgemon's detriment, and that the petitioner hadn't objected when he learned Turner had represented these other people. Moreover, the lawyer claimed that Jobe had been a strategic choice: Turner felt Jobe was a "follower" —someone who would support other dominant personalities on the jury whom the lawyer felt he could convince to acquit. Edgemon also testified at the hearing. The petitioner claimed that he didn't know about Turner's representation of the other individuals, and would not have retained Turner if he had. He also testified that he repeatedly questioned Jobe's mental capacity with Turner, and urged him to keep Jobe off the jury.

Two other individuals, both Edgemon's friends, attested to their perception of Jobe's mental capacity. One of these witnesses was Don Holloway, the witness who was unavailable at the time of trial. In the

course of his description of Jobe, Holloway's testimony at trial (through the police officer's affidavit synopsizing his statement to the police) was mentioned. Holloway startled everyone by claiming that he never gave a statement to Officer Taylor, the man whose affidavit was received into evidence at trial. Holloway's second revelation followed: having recently reviewed that statement in preparing for this hearing, Holloway stated "everything is wrong in it." T. 45 (Hearing on Remand of No. PB–C–84–185, Sept. 4, 1985). The issue was not pursued. The other witness, a former Franklin County clerk, testified that to his knowledge Jobe had never served on a jury before Edgemon's trial. Jobe, though subpoenaed, did not appear. Lawyer Turner said Jobe had talked to him about not having a way to the hearing. Neither Edgemon's counsel nor the District Court expressed any reservation on the record about Jobe's absence. In addition, no medical evidence or expert testimony was introduced to illuminate Jobe's mental situation.

The District Court denied relief in a written but unpublished decision. *Edgemon v. Lockhart*, No. PB–C–84–185, Order (E.D. Ark. Sept. 19, 1985). It held that petitioner had not demonstrated an actual conflict of interest, that he failed to make a substantial showing that Jobe was incompetent, and that Turner's "follower" explanation for having Jobe on the jury was a reasonable trial strategy. Therefore, the Court concluded, Edgemon was not deprived of effective assistance of counsel at his trial for murder. Though the District Court refused to grant a certificate of probable cause, Edgemon again appealed that Court's dismissal of his petition. We treated the appeal as a request for a certificate. Our Court denied the request initially, and on Edgemon's motion for reconsideration, in unpublished orders. *Edgemon v. Lockhart*, No. 85–2299, Orders (8th Cir. Nov. 6, 1985, Dec. 12, 1985). The United States Supreme Court subsequently denied *certiorari, Edgemon v. Lockhart*, 475 U.S. 1085, 106 S.Ct. 1468, 89 L.Ed.2d 724 (1986).

Until we heard oral argument in this case, this Court was under the impression that there were no relevant legal proceedings between the resolution of his first habeas petition and the initial hearing on Edgemon's latest habeas petition. Our impression was wrong. Edgemon zealously pursued relief in both the state and federal courts after his first habeas petition was ultimately denied by the United States Supreme Court. Armed with Holloway's testimony that he did not make the statement attributed to him at trial, Edgemon (still represented by counsel) first sought a writ of error *coram nobis* from the Arkansas courts. A hearing was held to determine the impact of the newly discovered evidence on Edgemon's conviction. It turned out that Holloway had given a statement to several police officers; he merely did not recall talking to Officer Taylor, the policeman who signed the affidavit. Despite his earlier comment that "everything is wrong" in the statement, Holloway testified that there was nothing untrue in it, he simply would not have said things in quite the same way, and he would have added some comments. The Circuit Court filed an opinion dismissing the request for the writ. The Court held that there probably was not any error here, and if there was, it was harmless. *Edgemon v. State*, No. CR–80–7 (Oct. 1, 1986) (letter opinion). The Arkansas Supreme Court affirmed on the procedural ground that a writ of error *coram nobis* lies only between the time of trial and direct appeal. *Edgemon v. State*, 292 Ark. 465, 730 S.W.2d 898 (1987).

After failing again in the state courts, Edgemon returned to federal court (this time in the Western District of Arkansas) with a second habeas petition. He proceeded *pro se*. Edgemon made two claims: he asked the Court to hold that his lawyer was ineffective for not anticipating the decision in *Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986), that would have, Edgemon urged, prevented the introduction of the synopsis of Holloway's purported statement; and he challenged his conviction on ex post facto grounds. On a magistrate's recommendation, the District Court dismissed the petition, holding that the *Ri-*

*carte* claim was frivolous and the ex post facto claim lacked merit. *Edgemon v. Lockhart,* Civil No. 87–2217, Order (W.D. Ark. Feb. 29, 1988). The Court, however, granted Edgemon's motion for reconsideration, and allowed the petitioner to supplement his claims.

Edgemon then renewed his contention that his trial lawyer was ineffective. He pointed to the fact that Turner allowed the Holloway statement to be admitted, and to the new evidence that Holloway denied making that statement. He also repeated his claims about juror Jobe's competence and Turner's conflicts of interest. Finally, he asked the District Court to review the Arkansas Supreme Court's denial of his petition for a writ of error *coram nobis.* Edgemon did not challenge the adequacy of his hearing on remand, or his lawyer's performance there, in any respect. Again relying on a magistrate's recommendations, which cited the District Court's and our review of the ineffectiveness claims, the District Court dismissed the petition as frivolous in two separate orders. *Edgemon v. Lockhart,* Civil No. 87–2217, Order (W.D.Ark. April 11, 1988); *Edgemon v. Lockhart,* Civil No. 87–2217, Order (W.D.Ark. July 29, 1988). The District Court also denied a certificate of probable cause. Edgemon appealed anyway. We treated the appeal as a request for a certificate, which we denied without an opinion. *Edgemon v. Lockhart,* No. 88–2358WA, Order (8th Cir. Oct. 27, 1988).

## II.

■ At this point Edgemon filed his third federal habeas petition. That is the petition we have before us. As we noted above, in this petition Edgemon challenges the adequacy of the hearing held in 1985 on our remand of his first petition. For us to consider whether to send this case back to the District Court for another evidentiary hearing on the merits of petitioner's underlying claims, Edgemon must justify his failure to argue in his second federal habeas petition the points he now makes. Absent some good legal reason—such as a change in the law, the discovery of facts that could

not have been known before, or ineffectiveness of counsel—considering contentions now that were available earlier would abuse the Great Writ. *Smith v. Armontrout,* 888 F.2d 530, 540–41 (8th Cir. 1989).

Edgemon has not offered any such reasons. Nor do we, after our review of the proceedings in this case, see any point that Edgemon could urge to excuse his omission. Holloway's testimony, the newly discovered evidence offered as part of this appeal, was available at the time of Edgemon's second petition. It was new then. It is not new now. There is no claim of ineffective assistance of counsel during the second habeas proceeding, nor could there be: Edgemon represented himself until almost the end of that proceeding. The "cause" and "prejudice" standard of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)—transplanted from state-procedural-default jurisprudence into our abuse-of-the-writ cases, and allowing courts to consider defaulted claims in exceptional cases—has not been satisfied by the facts surrounding Edgemon's petitions. *Smith,* 888 F.2d at 540–41.

There are, of course, exceptions to the "cause" and "prejudice" framework which allow a court to reach claims otherwise barred by a default in state or federal court. Those exceptions are for extraordinary cases—cases, for example, where a miscarriage of justice appears to have occurred because there is evidence that the petitioner is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). There is no new evidence in this record that speaks to Edgemon's innocence, or would probably produce a different result if the petitioner were retried. Juror Jobe's competence has been thoroughly explored, as have trial counsel's supposed conflicts of interest. If there were any doubt remaining about the admission of witness Holloway's statement, the state *coram nobis* proceeding dispels it. Though we are not bound by the facts found there, the Arkansas Circuit Court's conclusion that Holloway's presence at the trial would have had no material effect on the outcome supports our overall determination regarding this latest petition. We

are unconvinced that Edgemon's case is compelling enough to fall within the actual-innocence exception to Arkansas's abuse-of-the-writ defense against this latest petition.

\* \* \*

Edgemon should have raised his questions about the adequacy of the hearing on the remand of his first petition sooner. He had an opportunity to do so in his second habeas petition. Because he missed that opportunity without a good legal reason, and because his case is not extraordinary enough to merit removing the procedural hurdles erected by his default, the District Court's dismissal of Edgemon's third federal habeas petition is

Affirmed.