Tommy Ray MOSLEY *v.* STATE of Arkansas

CR 95-872                                          968 S.W.2d 612

Supreme Court of Arkansas
Opinion delivered May 14, 1998

Petitioner, *pro se.*

No response.

PER CURIAM. In 1995, Tommy Ray Mosley was found guilty of rape and sentenced as a habitual offender to life imprisonment. We affirmed. *Mosley v. State,* 323 Ark. 244, 914 S.W.2d 731 (1996). Mosley subsequently filed in the trial court a petition pursuant to Criminal Procedure Rule 37 which was denied.

Mosley now petitions this court to reinvest the trial court with jurisdiction to consider a petition for writ of error

*coram nobis* in the case. The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after we grant permission. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

A writ of error *coram nobis* is an exceedingly narrow remedy, appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. A presumption of regularity attaches to the criminal conviction being challenged, *Larimore, supra*, citing *United States v. Morgan*, 346 U.S. 502, 512 (1954), and the petition must be brought in a timely manner. *Penn, supra*. Newly discovered evidence in itself is not a basis for relief under *coram nobis*. *Larimore, supra*; *Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990). A claim of newly discovered evidence must be addressed to the trial court in a motion for new trial made within the time in which a notice of appeal must be filed. *See* A.R.Cr.P. 33.3; *Penn, supra*.

Petitioner claims that jurisdiction should be reinvested in the trial court to consider an error *coram nobis* petition on the ground that the United States government failed to disclose that it possessed a videotape of him and the victim made by a satellite during the encounter which led to the rape charge. He states that he became aware of the undisclosed evidence during the trial of the Oklahoma City bombing defendant when such satellite technology was revealed to the public. While petitioner asserts that the entire surface of North America is on tape, he offers nothing to establish that a videotape exists of him and the victim. The allegation is unsubstantiated and merits no further discussion.

Petitioner also asserts that he has conducted research which reflects that "the threat of a life prison sentence for rape removes the potential deterrent effect of the threat of the death penalty to

deter murder." He argues that if a writ of error *coram nobis* is not issued in his case, future rape victims will be subjected to an enhanced risk of being murdered. The allegation, which is also unsubstantiated, does not provide any ground on which a court could grant the writ.

Petitioner further contends that in a 1996 hearing on a civil-rights complaint petitioner had filed in federal court, his trial attorney testified that a key witness had given him false information. Petitioner alleges that counsel was unable to call the witness to testify as a result of the false information. He goes on to allege that the misinformation was the result of the witness's faulty memory which was caused by the eight-and-one-half-month delay between appellant's arrest and his trial. He also asserts that the victim bribed and illegally influenced the key witness to conceal the truth. The allegations, even if considered cumulatively, are conclusory in nature and fail to establish that there was some error of a fundamental nature. Petitioner has not shown that there was some fact extrinsic to the record which could not have been known at trial which would warrant issuance of a writ of error *coram nobis*.

There is a distinction between fundamental error which requires issuances of the writ and newly discovered information which might have created an issue to be raised at trial had it been known. Before a writ of error *coram nobis* may issue it must appear that the facts as alleged as grounds for its issuance are such as would have precluded the entry of the judgment had they been available at trial; not that such facts might have produced a different result. *Larimore, supra.* As we do not find that any grounds advanced by petitioner demonstrate an error of fundamental nature which could not have been addressed at trial or otherwise in accordance with the prevailing rules of procedure, the petition to proceed in the trial court with a petition for writ of error *coram nobis* is denied.

Petition denied.