Randall Thomas McARTY *v.* STATE of Arkansas

CR 93-1071                                    983 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered December 17, 1998

*Randall Thomas McArty*, pro se.

No response.

P ER CURIAM. In 1993, Randall Thomas McArty was found guilty of murder in the first degree and sentenced to life imprisonment. We affirmed. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994).

McArty now petitions this court to reinvest the trial court with jurisdiction to consider a petition for writ of error *coram nobis* in the case. The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after we grant permission. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

■ ■ A writ of error *coram nobis* is an exceedingly narrow remedy, appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. A presumption of regularity attaches to the criminal conviction being challenged, *Larimore, supra,* citing *United States v. Morgan*, 346 U.S. 502, 512 (1954), and the petition must be brought in a timely manner. *Penn, supra.* Newly discovered evidence in itself is not a basis for relief under *coram nobis. Larimore, supra; Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990). A claim of newly discovered evidence must be addressed to the trial court in a motion for new trial made within the time in which a notice of appeal must be filed. *See* A.R.Cr.P. 33.3; *Penn, supra.*

Petitioner claims that jurisdiction should be reinvested in the trial court to consider an error *coram nobis* petition on the ground that *both* his trial attorney and the prosecutor were aware of the results of a psychological evaluation which would have been helpful to the defense but chose to withhold it from the jury. He further contends that the jury was given an instruction which was not appropriate and that his trial attorney did not render the effective assistance of counsel guaranteed him by the Sixth Amendment.

■ The petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis* is denied. Petitioner has not demonstrated that there was some fact extrinsic to the record which could not have been known at trial which would warrant issuance of a writ of error *coram nobis*. Indeed, he has failed to show that there was any evidence, relevant or otherwise, withheld by the prosecution inasmuch as he concedes that his attorney was aware of the psychological evaluation. There is clearly no assertion of fundamental error which requires issuance of the writ.

■ Before a writ of error *coram nobis* may issue it must appear that the facts as alleged as grounds for its issuance are such as would have precluded the entry of the judgment had they been available at trial. *Larimore, supra*. Here, every fact alleged as grounds was known at trial.

■ With respect to petitioner's claim that his attorney at trial was ineffective, a claim of ineffective assistance of counsel in itself is not a ground to grant a writ of error *coram nobis*. Such claims are properly raised in a timely petition pursuant to Criminal Procedure Rule 37. *See Williams v. Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985).

Petition denied.

ARNOLD, C.J., not participating.