SLIP OPINION  Cite as 2015 Ark. 108

# SUPREME COURT OF ARKANSAS

No. CR-05-1381

|  |  |
|---|---|
| DANNY LEE HOOPER<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | Opinion Delivered March 12, 2015<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-05-761]<br><br>PETITION DENIED. |

## PER CURIAM

In 2005, petitioner Danny Lee Hooper was found guilty by a jury of three counts of rape, kidnapping, robbery, residential burglary, and third-degree battery and sentenced as a habitual offender to an aggregate sentence of 1,320 months' imprisonment. The Arkansas Court of Appeals affirmed, noting that evidence was adduced at trial, which included the victim's testimony and DNA testing, that petitioner had entered the victim's house at night and engaged in vaginal and anal intercourse with her. *Hooper v. State*, CR-05-1381 (Ark. App. Aug. 30, 2006) (unpublished). Subsequently, petitioner filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005). The petition was denied. Petitioner appealed from the order to this court, and we dismissed the appeal as it was clearly without merit. *Hooper v. State*, CR-07-816 (Ark. Nov. 29, 2007) (unpublished per curiam).

In 2013, petitioner filed in this court a petition and an amended petition requesting that this court reinvest jurisdiction in the trial court so that he could proceed with a petition for writ

of error coram nobis. We denied the relief sought. *Hooper v. State*, 2014 Ark. 16 (per curiam).

On January 14, 2015, petitioner filed a second petition in this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The second petition and a subsequent amendment to it are now before us. We find no basis stated in the petition to warrant issuance of the writ and thus deny leave to proceed in the trial court.

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Chestang v. State*, 2014 Ark. 477 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam). This court will grant such permission only when it appears the proposed attack on the judgment is meritorious. *Echols v. State*, 354 Ark. 414, 418, 125 S.W.3d 153, 156 (2003). In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d

407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Mooney v. State*, 2014 Ark. 453, 447 S.W.3d 121 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As he did in his original petition to this court, petitioner argues as grounds for the writ that he was incompetent at the time of trial and was denied his right to present an insanity defense by his attorney's ineffectiveness and the failure of the State and others to reveal certain medical reports. Petitioner attributes his impaired intellectual functioning to a gunshot wound to the head that he suffered some years before trial and an accident on an all-terrain motor vehicle. He alleges that he now has newly discovered evidence to support his claims for the writ that is contained in those newly acquired medical records pertaining to the effects of the injuries, particularly the gunshot injury. He contends that the psychiatrist, Dr. Robin Ross, who conducted a pretrial examination on him, had some medical records when she made her diagnosis but that she ignored the records he has now obtained and that Dr. Ross failed to secure them. Petitioner avers that the recently obtained medical records from the prior

examinations and prior psychological testing demonstrate that Dr. Ross's conclusion that he was competent was wrong. He urges this court to accept this newly discovered evidence as proof that a viable insanity defense could have been raised at trial if Dr. Ross and the prosecuting attorney at his trial had not wrongfully withheld the evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner further faults his attorney for not obtaining the evidence and mounting a successful insanity defense.

We first note that, to the extent that the claims raised were intended by petitioner to be allegations of ineffective assistance of counsel, such allegations are not cognizable in a coram-nobis proceeding. *Mackey v. State*, 2014 Ark. 491 (per curiam). Assertions of inadequate counsel are properly brought pursuant to Rule 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *Mackey*, 2014 Ark. 491; *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

Prior to trial, petitioner was examined by Dr. Ross pursuant to a motion filed by the defense. Dr. Ross diagnosed him with drug and alcohol dependency and an antisocial personality disorder, and she concluded that petitioner did not have a mental disease or defect when he committed the crimes, did not lack the capacity to appreciate the criminality of his conduct, and did not lack the capacity to conform his conduct to the requirements of the law. The gunshot injury to petitioner's head was discussed at a pretrial hearing, but, at that time, the trial court declined to grant a continuance to allow petitioner to obtain the records to be submitted to the doctor.

This court held when the first coram-nobis petition was denied that petitioner had presented nothing in his petition to establish that there would have been a different outcome at trial if the doctor had the medical records inasmuch as the doctor determined that petitioner was competent at the time of the offense and at the time of trial. We further noted that petitioner had not shown that any particular information in the medical report would have caused the doctor to reach a different assessment. While insanity at the time of trial is a ground for the writ, the burden is on the petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. Accordingly, we held when the original coram-nobis petition was denied that the mere fact that petitioner may have had a head injury or injuries before Dr. Ross examined him was not, in itself, sufficient cause to warrant issuance of the writ.

In this second petition to reinvest jurisdiction to consider a petition for writ of error coram nobis, petitioner reiterates the claims raised in the first petition. The sole difference in the instant petition is that petitioner states that he has obtained the medical records that were not available to him at the time of trial.

Having reviewed the second petition, we again do not find grounds for the writ. With respect to whether there was a violation of *Brady*, failure to disclose evidence favorable to the defense is a *Brady* violation, and such a violation falls within one of the four categories of coram-nobis relief. *Mooney*, 2014 Ark. 453, 447 S.W.3d 121 (citing *Bannister v. State*, 2014 Ark. 59 (per curiam)). The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the

evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Watts v. State*, 2013 Ark. 485 (per curiam).

Here, there is nothing to demonstrate that the information concerning the medical reports at issue was withheld from the defense. Appellant clearly knew at the time of trial that the examinations had occurred, and he provides no factual support for the claim that the medical reports resulting from those examinations were somehow withheld. When there is no showing that the State withheld favorable information from the defense, there is no violation of *Brady*. *See Mooney*, 2014 Ark. 453, 447 S.W.3d 121.

As to whether the reports constitute newly discovered evidence that forms a basis for granting the writ, an assertion that there is newly discovered evidence alone is not a basis for coram-nobis relief. *Webb v. State*, 2009 Ark. 550 (citing *McArty v. State*, 335 Ark. 445, 983 S.W.2d 418 (1998) (per curiam)). There is a distinction between fundamental error, which requires issuance of the writ, and newly discovered information, which might have created an issue to be raised at trial had it been known. *Mosley v. State*, 333 Ark. 273, 968 S.W.2d 612 (1998)

(per curiam). Even if, as petitioner alleges, the medical reports might have provided information to Dr. Ross and to the defense concerning his prior injuries and the findings of other medical professionals concerning his mental state in the past, the fact remains that Dr. Ross found in her pretrial examination that petitioner was competent. Moreover, petitioner has not offered facts to show that entry of the judgment would have been precluded if Dr. Ross, his attorney, the prosecutor, or any other party had possessed the medical records prior to trial. *See Scott v. State*, 2010 Ark. 363 (per curiam) (holding that information within petitioner's knowledge and available at the time of trial was not a ground for the writ inasmuch as it could have been utilized at trial and, in any event, there was no showing that the information would have precluded entry of the judgment had it been utilized at trial).

Petitioner has not established that the information contained in the medical reports that he contends is newly discovered exculpatory evidence is of such a fundamental nature that it can be said that there is a reasonable probability that the judgment would not have been rendered had the information contained in the reports been brought out at trial because it would have overcome the finding of Dr. Ross that petitioner was competent or that it could have been the basis for a successful insanity defense. Petitioner has not shown that there was any information extrinsic to the record that, even if it had been utilized at the time of trial, would somehow have created an issue sufficient to call into question the outcome of the trial. For that reason, petitioner has fallen short of establishing a ground to issue a writ of error coram nobis. *See Thompson v. State*, 2012 Ark. 339 (per curiam).

Petition denied.
*Danny Lee Hooper*, pro se petitioner.
*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.