Henderson BROWN, Jr. *v.* STATE of Arkansas

CR 81-43                                        623 S.W. 2d 186

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*James L. Tripcony,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the denial of a Rule 37 Petition in which appellant alleged ineffective assistance of counsel.

The only point argued on appeal is that there is insufficient evidence to support the trial court's order denying post-conviction relief. We disagree with appellant's argument.

The motion for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure alleged appellant was denied effective assistance of counsel by counsel's failure to call David Turney as an alibi witness. The appellant, the defense attorney and the proposed witness testified at the Rule 37 hearing. The witness testified that he told the defense counsel that the appellant was at his place sometime during the day of the robbery for which appellant was convicted. However, he told the attorney he could not give an exact time. In fact, he did not give the attorney even an estimate of what time of the day appellant was at his place of business. David Turney testified that he had been interviewed by an investigator for the defense counsel on two occasions and that he appeared ready to testify on the date of the trial. He further stated he was very nervous around the courthouse as he had previously been sent to the penitentiary. However, he now states that if he had been asked to give an approximate time the appellant was at his place he would have testified that appellant was at his place of business from about 9:30 a.m. until about 11:00 a.m. The robbery occurred about 10:00 a.m. across the river in Little Rock. The appellant admits that he was at the courthouse when the attorney interviewed the proposed witness and that he reluctantly agreed with the attorney's decision to not use this witness.

The defense counsel, who was chief public defender for Pulaski County, testified that he interviewed Turney and

was unable to get an estimate even as to the time appellant was at his place of business. He further stated that the witness was wearing a canvas work suit and that Turney had previously been convicted of a felony. The attorney stated as follows:

> I didn't use Mr. Turney because, based on my conversation with him, I believed his testimony would be rather vague. He could tell me only that he saw Mr. Brown that morning or something to that effect. He could give me no specific time. His criminal record and his anticipated demeanor on the stand led me to believe that he would not be a good witness. I communicated this opinion to the defendant.

The attorney testified it was always his practice to leave the final decision on which witnesses to be called up to his client. He used the same procedure in this case.

We have recognized that the decision to call or not to call a witness generally is considered to be within the realm of the professional judgment of trial counsel. *Swindler* v. *State*, 272 Ark. 340, 613 S.W. 2d 91 (1981). While hindsight probably indicates this witness should have been called, when the evidence is viewed in the light most favorable to the state, as it must be, the failure to call the witness is an insufficient basis for post-conviction relief. *Sheppard* v. *State*, 255 Ark. 40, 498 S.W. 2d 668 (1973). "Mere errors, omissions, mistakes, improvident strategy or bad tactics will not . . . justify post-conviction relief." *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973).

Here, the attorney did not have all the information which is now claimed by appellant to have existed, and it further appears that the witness's testimony was not consistent in the Rule 37 hearing. Under the circumstances of this case we do not believe that it can be said that the failure of the defense attorney to place this witness on the stand amounted to ineffective assistance of counsel.

Affirmed.

ADKISSON, C.J., not participating.