**Curtis Alan GIPSON, Appellant,**

v.

**A.L. LOCKHART and the Attorney General of the State of Arkansas, Appellees.**

No. 82–1631.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1982.

Decided Nov. 8, 1982.

Betsy Hall, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellant.

Steve Clark, Atty. Gen., Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before STEPHENSON, Senior Circuit Judge, and ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Curtis Alan Gipson appeals from the district court's[1] denial of his petition for writ of habeas corpus pursuant to 28 U.S.C.

---

1. The Honorable Oren M. Harris, United States District Judge for the Western District of Arkansas.

§ 2254. Gipson presents two arguments on appeal: (1) that he received ineffective assistance of counsel at his trial, and (2) that there was insufficient evidence to support his conviction. Gipson requests either a reversal of the district court's denial or a remand with direction to hold an evidentiary hearing on the issues raised. We affirm the judgment of the district court.

On April 16, 1980, a jury convicted Gipson of stealing a pickup truck and sentenced him as an habitual criminal[2] to six years imprisonment. The state's case rested mainly on the testimony of James Allen Allred, Gipson's accomplice, who pleaded guilty to the theft and testified against Gipson. Allred testified that Gipson made a deal with a hitchhiker to steal a pickup truck. According to Allred, Gipson drove the hitchhiker to a truck dealership, forced open the window on a truck in the lot, gave the hitchhiker a dent-pulling tool, and told him to pull the ignition switch on the truck and drive it to a meeting place. The hitchhiker was a police drug informant of long standing named Steven Hearn. He tipped off the police about the theft and enabled them to capture Gipson and Allred in the vicinity of the meeting place. Hearn could not be located to testify at trial.[3] At trial Gipson denied planning or participating in the theft. He said Allred and Hearn had discussed a deal and he had gone to the meeting place on Allred's suggestion to "look at" a truck.

Gipson appealed his conviction arguing the evidence was insufficient. The Arkansas Supreme Court affirmed the conviction on January 19, 1981. *Gipson v. State,* 271 Ark. 700, 610 S.W.2d 261 (1981). Gipson raised the ineffective assistance of counsel issue in the Arkansas Supreme Court under Rule 37, Arkansas Rules of Criminal Procedure. He alleged his attorney was ineffective in not investigating and raising an entrapment defense. The Arkansas Supreme Court summarily denied the petition stating:

> Petitioner alleges ineffective assistance of counsel in that his attorney failed to investigate petitioner's claims of police entrapment and failed to interpose the defense of entrapment at trial. Petitioner provides no facts to substantiate his contention that entrapment would have been a valid defense in the case. This Court cannot base postconviction relief on an allegation that is essentially conclusory. *Blackmon v. State,* 274 Ark. 202, 623 S.W.2d 184 (1981). The fact that counsel and petitioner could not agree on the best method to present his defense does not justify an evidentiary hearing in circuit court. *Brown v. State,* 274 Ark. 205, 623 S.W.2d 186 (1981); *Leasure v. State,* 254 Ark. 961, 497 S.W.2d 1 (1973).

*Gipson v. State,* 271 Ark. 700, 610 S.W.2d 261 (1982) (unpublished per curiam). The United States District Court, relying on the decision of the Arkansas Supreme Court, summarily dismissed Gipson's petition as frivolous on May 6, 1982.[4] Gipson requests either a reversal of the district court's denial, or a remand with directions to hold an evidentiary hearing on the issues raised.

It is our view that the district court properly dismissed Gipson's petition claiming ineffective assistance of counsel in

---

**2.** Gipson was convicted of grand larceny in Arkansas circuit court in 1974 and theft of government property in the United States District Court for the Eastern District of Arkansas in 1979.

**3.** Lt. Evans, Hot Springs Police Department, testified they had been attempting to locate Hearn for approximately three months. He also indicated a warrant had been issued for Hearn in another case.

**4.** In his petition to the district court, Gipson stated the following grounds for his claim:

(1) Ineffective assistance of counsel, in that appellant contends his counsel neglected to investigate sources pursuant to entrapment after being fully advised in advance of petitioner's trial, and in failing to pursue the issue of entrapment on appeal;

(2) The issue of entrapment, by which appellant argues that the Hot Springs Police Department brought a truck presumed to be stolen to Ola, Arkansas, and attempted to sell the truck to petitioner, but petitioner refused to buy the truck;

(3) Insufficient evidence to support his conviction in refusing the relief sought by appellant.

not investigating and raising an entrapment defense at trial and on appeal. Gipson's tardy assertion of an entrapment defense contradicts his earlier testimony at trial where he contended he never talked with the police informant about stealing the truck. During the trial Gipson took the stand and swore he had not committed the offense. This testimony is inconsistent with the defense of entrapment.[5]

An evidentiary hearing is particularly unnecessary where the petitioner's subsequent, conclusory and unsupported allegations contradict his prior statements made under oath. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *Dunn v. Wyrick,* 679 F.2d 731, 733 (8th Cir. 1982); *United States v. Williams,* 536 F.2d 247, 250 (8th Cir. 1976); *United States v. Lee,* 500 F.2d 586 (8th Cir. 1974).

In affirming the district court, we emphasize that our holding is limited to petitioner's claim that counsel was ineffective in not raising the entrapment defense.[6]

■ Gipson's second contention, that there was insufficient evidence to support his conviction, is premised on his contention that the state did not produce enough evidence to corroborate Allred's accomplice testimony. Under Arkansas law, accomplice testimony must be corroborated by other evidence which both establishes the crime was committed and also tends to connect the defendant to the crime. Ark.Stat. Ann. § 43–2116 (1977); *Olles v. State,* 260 Ark. 571, 542 S.W.2d 755, 757 (1976). In effect, Gipson claims the evidence introduced by the state at this trial would not connect him to the theft if Allred's accomplice testimony were eliminated.

The Arkansas Supreme Court thoroughly addressed this issue on direct review and found that the circumstances of Gipson's clandestine meeting with the driver of the stolen truck, his admission that he suspected the truck was stolen, and the recovery of the marked dent-pulling tool from Gipson's car, taken together, all tend to connect Gipson to the theft. *Gipson v. State, supra,* 610 S.W.2d at 262–63.

The standard we must apply in evaluating claims of insufficient evidence in habeas corpus petitions is well established. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). *Fowler v. Parratt,* 682 F.2d 746, 751 (8th Cir. 1982); *Lenza v. Wyrick,* 665 F.2d 804 (8th Cir. 1981).

■■ A state law requirement of accomplice testimony corroboration is not a constitutional right cognizable on habeas review. *Johnson v. Turner,* 429 F.2d 1152, 1155 (10th Cir. 1970). The issue before this court is whether all of the evidence, including the accomplice testimony, is sufficient to lead a rational jury to find guilt beyond a reasonable doubt. We are satisfied that the evidence is sufficient under this standard.

Affirmed.

---

**5.** A defendant must admit the crime to raise the defense of entrapment. *Brown v. State,* 248 Ark. 561, 453 S.W.2d 50, 52 (1970). *See also* Ark.Stat.Ann. § 41–209 (1977) (entrapment is an affirmative defense).

**6.** No other basis for an ineffective assistance of counsel claim is before this court. Therefore, our resolution of the issue does not prejudice petitioner's right to raise an ineffective assistance claim based on grounds other than the failure to raise an entrapment defense.