Allen Lynn PENN *v.* STATE of Arkansas

CR 84-43

670 S.W.2d 426

Supreme Court of Arkansas
Opinion delivered June 4, 1984

*William R. Simpson, Jr.,* Public Defender, for petitioner.

No response by appellee.

DARRELL HICKMAN, Justice. Penn was convicted by a jury of the murder of Anthony Faherty on September 21, 1983, and received a sentence of life imprisonment without parole. He filed an appeal with us, and the record has been lodged. A petition has been filed here for a writ of error coram nobis or to invest the trial court to hear a motion for new trial. The ground given is a sworn statement made by Donald Lewis, who is evidently a prisoner at the Arkansas Department of Correction. Lewis' affidavit is attached to the petition.

Penn is granted permission to file this petition with the trial court seeking a writ of error coram nobis, and the trial court is reinvested with jurisdiction to hear the petition, conduct a hearing and decide whether the writ is in order. If the court grants the writ, the remedy is a new trial; if it denies the writ, the remedy is a writ of certiorari. *See* Woods, *The Writ of Error Coram Nobis in Arkansas,* 8 Ark. L. Bul. 15 (1940).

Our action is a departure from our past decisions, but one that is proper at this time. However, our decision is strictly limited to the facts in this case. A writ of error coram nobis is an excessively rare remedy, more known for its denial than its approval. Literally, coram nobis means our court, in our presence, before us. The essence of the writ of error coram nobis is that it is addressed to the very court which renders the judgment where injustice is allege to have been done, rather than to an appellate or other court. Black's Law Dictionary 304 (1979). The writ is granted only when there is an error of fact extrinsic to the record such as insanity at the time of trial, a coerced plea of guilty, or material evidence withheld by the prosecutor. It must be a fact which might have resulted in a different verdict. In simple terms, this writ is a legal procedure to fill a gap in the legal system — to provide relief that was not available at trial because a fact exists which was not known at that time and relief is not

available on appeal because it is not in the record. Therefore, the petition in this case will have to be addressed to the trial court instead of this court. We note here that there exists in criminal cases the remedy of obtaining a new trial for newly discovered evidence but that motion must be made within the time in which a notice of appeal has to be filed. See A.R.Cr.P. Rule 36.22 and *Halfacre* v. *State,* 265 Ark. 378, 578 S.W.2d 237 (1979).

The question raised by this petition is one of those which occasionally arise when coram nobis is sought: a person confesses to a crime after another has been found guilty of that same crime. Should a petition be entertained or not? In the past we have refused to hear petitions under such circumstances, holding that the remedy was one best addressed by the legislature or through clemency. *Smith* v. *State,* 200 Ark. 767, 140 S.W.2d 675 (1940). In *Gross* v. *State,* 242 Ark. 142, 412 S.W.2d 279 (1967), we made the statement, "It [a writ of error coram nobis] is never a means of remedy upon the grounds of newly discovered evidence," citing *Howard* v. *State,* 58 Ark. 229, 24 S.W. 8 (1893).

We have on several occasions recently denied petitions for writ of error coram nobis, but we have always recognized the existence of the remedy. In *Troglin* v. *State,* 257 Ark. 644, 519 S.W.2d 740 (1975), we set out the guidelines for granting the writ. They are:

> (1)   The function of the writ of coram nobis is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment;

> (2)   Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. The court is not required to accept at face value the allegations of the petition;

> (3)   Due diligence is required in making application for relief, and, in the absence of a valid excuse for delay

the petition will be denied; and,

(4) The mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts.

Troglin's petition was denied because it was filed 22 years after his conviction. See *Walker* v. *State,* 251 Ark. 182, 471 S.W.2d 536 (1971); *Wallace* v. *State,* 251 Ark. 446, 473 S.W.2d 184 (1971); *Demett* v. *State,* 236 Ark. 851, 370 S.W.2d 191 (1963); *Steel* v. *State,* 248 Ark. 159, 450 S.W.2d 545 (1970).

Criminal law and procedure in criminal cases have changed dramatically in the last two decades. Due process of law is not the same as it was 30 years ago or even 10 years ago. Thirty years ago a writer discussed at length coram nobis in Arkansas and some quotes from his article are especially appropriate:

The growth of the writ is attributable, certainly, to a variety of causes. A great force in its development has been that growing concept, due process of law. The federal courts now show little hesitation in overturning state convictions if a state has no remedy or refuses to exercise it where a defendant has been denied due process of law. And where the federal decisions reflect a procedural gap in a state whereby a defendant denied due process of law is remediless without recourse to the federal courts, the courts of that state may utilize coram nobis to fill the void.

\* \* \*

Under the prevailing concepts of the writ, . . . the rule is that coram nobis will not lie for newly discovered evidence. The defendant may not present any facts or evidence going to the merits — viz., adjudicated facts may not be put in question. Obviously, there is strong policy in favor of this limitation. Finality of judicial proceedings is of compelling

importance, and certainly a device should not be allowed which could lead to interminable relitigation.

\* \* \*

Even if the newly discovered evidence consists of a confession of guilt by another, customarily no deviation from the rule of nonavailability of the writ occurs. However, many confession cases in fact contain such circumstances as to cast doubt on their validity — the confession is later repudiated, or there are indications of collusion in a fraudulent confession.

\* \* \*

Thus far the Arkansas Court has refused to deviate from the newly discovered evidence rule, even in the face of positive and convincing facts proving· innocence. However, no such case has come before the court in recent years, at least not since *Anderson* v. *Buchanan* [292 Ky. 810, 168 S.W.2d 48 (1943)] and the later decisions were rendered in other jurisdictions. *In the event that the situation of the convicted innocent comes before the Arkansas court in the future, a critical examination of the writ of coram nobis in Arkansas, in light of the recent developments in other jurisdictions, would seem to be in order.* And it may be hoped that the court will endorse the 'rule of reason' in plugging a serious procedural gap and obviating possibilities of a miscarriage of justice. (Italics supplied.)

Haley, *Coram Nobis and the Convicted Innocent,* 9 Ark. L. Rev. 118 (1955).

The rule of reason is simply that the writ ought to be granted or else a miscarriage of justice will result. *Davis* v. *State,* 200 Ind. 88, 161 N.E. 375 (1928). By granting the right to petition the trial court, we do not in any way enlarge the other restrictions attendant to granting the writ. The trial court has the discretion to grant or deny it. The petitioner has a heavy burden to meet, especially in a case like this which must be approached with some skepticism for confessions by others are not uncommon. A written confession by another would not, alone, be grounds for relief.

Obviously, the complete circumstances surrounding the statement and all the available evidence should be carefully scrutinized before a writ is granted. The trial court is in a good position, as will be the prosecuting attorney, to consider and test the merits of the petition. If it has merit, by all means a writ should be granted; if the petitioner fails in his burden of proof, then at least a hearing will have resulted. There will be no void in the system as there is now.

We emphasize that we do not open the door to other petitions beyond those that would qualify under the facts in this case, especially the fact that it is presently between trial and appeal and can easily provide for an early hearing before the court that just heard the case. The petition was timely filed and if the confession is true, an injustice would obviously result if it were not granted. At this point the judicial system with its machinery for seeking and finding the truth is a far better forum for determining justice than the clemency route; clemency is always a remedy after the legal system has given a case its full measure of deserved attention.

Petitioner is granted leave to file the petition in the trial court, and the appeal is stayed pending disposition.

Granted.