Ronald Shane SMITH *v.* STATE of Arkansas

RC 90-5                                        784 S.W.2d 595

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Grisham A. Phillips*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Ronald Shane Smith was convicted of second degree murder on August 11, 1989. He filed his notice of appeal on August 24, 1989. The record is due to be filed with our clerk on February 14, 1990.

Smith has filed a motion asking for permission, under A.R.Cr.P. Rule 37, to file a motion for a new trial with the trial court. The basis for the motion is newly discovered evidence consisting "of two statements made by a Frank Pilcher, which would indicate that parties other than the petitioner were responsible for the death of the victim in the instant case."

The state points out that Rule 37 has been abolished, and the correct procedure for "bringing newly discovered evidence before a lower court after conviction but before affirmance is by petition for a writ of *coram nobis. See Edgemon* v. *State*, 292 Ark. 465, 730 S.W.2d 898 (1987); *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984)." Since both Smith and the state misunderstand the law, some elaboration is in order.

First, Rule 37 was abolished in *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989). Smith, who was convicted after *Whitmore*, is entitled to no relief under Rule 37.

Second, a motion for a new trial on the basis of newly discovered evidence must be filed with the trial court within 30 days from the entry of the judgment. Ark. Code Ann. § 16-91-105 (1987); A.R.Cr.P. Rule 36.22. Smith's motion is too late.

Third, we have *not* held that a writ of *coram nobis* can be granted on the basis of newly discovered evidence. *Gross* v. *State*, 242 Ark. 143, 412 S.W.2d 279 (1967); *Penn* v. *State, supra.* However, the language in *Edgemon* v. *State, supra*, does leave that impression and is in error in stating newly discovered

evidence is a basis of relief under *coram nobis*. We said in *Penn* v. *State, supra,* newly discovered evidence was *not* a basis for a writ of *coram nobis*.

Fourth, the facts do not fit the exception made in *Penn* v. *State, supra*. *Penn* did not establish the writ of *coram nobis*. It merely expanded the remedy to include, as a grounds for relief, a confession by a third party to the crime after trial and before we have decided the case on appeal. That is all *Penn* holds.

In *Penn* we reviewed what a writ of *coram nobis* was and the existing grounds for such a writ.

Smith's request fails for two reasons: (1) it is a motion for a new trial based upon newly discovered evidence and is filed too late, and (2) it does not enumerate any relief available under a writ of *coram nobis*. Finally, it is noted that the basis of relief is couched in conclusory language anyway and could not be the basis of relief under any procedure.

Motion denied.