Henderson BROWN *v.* STATE of Arkansas

CR 79-5                                                      955 S.W.2d 901

Supreme Court of Arkansas
Opinion delivered November 20, 1997

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

PER CURIAM. Henderson Brown was found guilty by a jury of aggravated robbery and theft of property, charges which arose from a hold-up of a branch office of a savings and loan association in January 1978. He was sentenced as a habitual offender to an aggregate sentence of thirty years' imprisonment. We affirmed. *Brown v. State*, CR 79-5 (April 16, 1979). Brown subsequently filed in this court a petition pursuant to Criminal Procedure Rule 37, which resulted in his being granted leave to file a petition for postconviction relief in the trial court. *Brown v. State*, CR 79-5

(December 10, 1979). The Rule 37 petition in the trial court was denied after a hearing, and we affirmed the order. *Brown v. State*, 274 Ark. 205, 623 S.W.2d 186 (1981).

■ Brown now petitions this court to reinvest the trial court with jurisdiction to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

■ A writ of error coram nobis is an exceedingly narrow remedy, appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. A presumption of regularity attaches to the criminal conviction being challenged, *Larimore, supra*, (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)), and the petition must be brought in a timely manner. *Penn, supra*. Newly discovered evidence in itself is not a basis for relief under coram nobis. *Larimore, supra; Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990). A claim of newly discovered evidence must be addressed to the trial court in a motion for new trial made within the time in which a notice of appeal must be filed. *See* A.R.Cr.P. 33.3; *Penn, supra*.

Petitioner claims that jurisdiction should be reinvested in the trial court to consider an error coram nobis petition because another person confessed to the crime for which he was convicted. He states that he learned of the confession while the appeal of the denial of his Rule 37 petition was in progress, which would have been some time before the order was affirmed in November 1981. He explains that he has not previously raised the issue because he was unaware that there was a state remedy avail-

able to bring the issue to the court, presumably until *Larimore, supra,* was recently rendered.

■ It appears that petitioner has misconstrued *Larimore.* In *Larimore,* we cited *Davis v. State,* 325 Ark. 96, 925 S.W.2d 768 (1996), in which we explained that the writ was available to address certain errors of the most fundamental nature which are most commonly to be found in one of four categories:

> Error coram nobis is a rare remedy. It is available only where there is an error of fact extrinsic to the record, such as insanity at the time of trial, a coerced guilty plea or material evidence withheld by the prosecutor, that might have resulted in a different verdict. *Taylor v. State,* 303 Ark. 586, 799 S.W.2d 519 (1990). The writ has also been used in cases in which a third party confessed to the crime during the time between conviction and appeal. *Smith v. State,* 301 Ark. 374, 784 S.W.2d 595 (1990).

*Id.* at 109.

■ *Larimore* concerned a claim that material evidence had been withheld by the prosecutor, an allegation which can be made after a judgment has been affirmed because evidence of such misconduct on the part of the prosecutor may have remained hidden for some time from even the most diligent petitioner. *Larimore* did not broaden the remedy set out in *Penn* for advancing an allegation that a third party had confessed to the crime of which the petitioner was convicted, an allegation which must be raised before affirmance of the judgment. The petition in *Penn,* which alleged that another person had issued a sworn affidavit admitting to the crime for which Penn was found guilty, was filed in the period between trial and the conclusion of this court's appellate review of the judgment and was thus timely filed. We emphasized that the ruling in *Penn* did not open the door to other petitions beyond those which qualified under the facts of that case and which were brought within that narrow window of time in which the judicial system is best in a position to weigh with accuracy the merit of the petitioner's claim. *Id.* at 577.

■ While there are circumstances in which a petition to reinvest the trial court with jurisdiction to hear a petition for writ of error coram nobis can be considered timely if filed *after* affirm-

ance of a judgment, such as prosecutorial misconduct in concealing exculpatory evidence from the defense, the questions of fact which invariably accompany an allegation of a third-party confession demand prompt scrutiny. The mere fact that another person has confessed to a crime cannot, alone, be grounds for relief for such confessions are not uncommon and must be approached with some skepticism. The trial court must carefully scrutinize the complete circumstances surrounding the confession and all the available evidence. Assessing the merits of the third-party confession requires that all of the evidence be available and unimpaired by the passage of time so that the trial court's examination can be exhaustive and decisive. Our requirement that such a claim be raised before affirmance serves to limit such claims to the time frame in which it is most likely that the trial court can determine with certainty whether the writ should issue. Assertions of a third-party confession after a judgment is affirmed may be addressed to the executive branch in a clemency proceeding. *See Penn, supra.*

■ The concurrence questions whether a petition based on a third-party confession should be limited to the time before a judgment is affirmed while other grounds are permitted to be raised after affirmance, but the limitation is one clearly mandated by the holding in *Penn*. *Penn*, which for the first time allowed a writ based upon an allegation of a third-party confession, requires that the allegation be raised before affirmance and that precedent is followed here. We made clear in *Penn* that the time limitation was integral to our recognition of this new ground for a writ of error coram nobis. The concurrence argues that the traditional grounds listed in *Davis v. State*, 325 Ark. 96, 109, 925 S.W.2d 768, 775 (1996), i.e. insanity at the time of trial, a coerced guilty plea, and material evidence withheld by the prosecutor, are equally in need of prompt attention and are as likely as a third-party confession to need addressing before affirmance. These traditional grounds for a writ are not subject to the time limitation established in *Penn* for a third-party confession. This is not to say that, in a particular case, it might not be concluded that any one of these grounds *should* have been raised before affirmance if it can be determined that the petitioner could have raised the issue before affirmance had he

been diligent. We have before us in the instant case only a claim of a third-party confession, and we look to *Penn* as precedent for when such a claim should be raised.

Petition denied.

NEWBERN and GLAZE, JJ., concurring.

DAVID NEWBERN, Justice, concurring. In the renewed discussion of the writ of error *coram nobis*, which has been stimulated by our divided vote in *Larimore v. State*, 327 Ark. 285, 938 S.W.2d 818 (1997), we are confronted with the classic dilemma presented by the need for finality of legal decisions. At some point, the proceedings must come to a halt despite the prospect of allegations without end that something went wrong.

As I continue to subscribe to the dissenting opinion written by Justice Glaze in the *Larimore* case, I concur in the result reached here on the ground that the petition is untimely, but I cannot agree with the explanation given by the majority. The opinion suggests that there is a good reason for requiring an allegation that someone other than the prisoner has confessed to the crime of which he or she was convicted to be made between the conviction and affirmance on appeal. The reason suggested is that such a claim must be addressed while the facts are within the fresh memories of persons involved and that it is desirable to have it dealt with by the court that tried the case originally. It is thus implied that we allow the other allegations that might support a *coram nobis* petition to be raised after affirmance because there is no such need of immediate memory.

The other permissible bases of a *coram nobis* petition, quoted from *Davis v. State*, 325 Ark. 96, 109, 925 S.W.2d 768, 775 (1996), are, ". . .insanity at the time of trial, a coerced guilty plea or material evidence withheld by the prosecutor, that might have resulted in a different verdict. . . ." Each is as dependent upon the memories of witnesses as is a subsequent confession by someone other than the prisoner. Nor is it any less desirable in each of those instances that the court that tried the case deal with the subsequent allegations. The distinction sought to be made in the majority opinion fails utterly.

In response to this concurring opinion, the majority states, "We made clear in *Penn* [*v. State*, 282 Ark. 571, 670, S.W.2d 426 (1984)] that the time limitation was integral to our recognition of this new ground for a writ of error coram nobis." That statement does not deal with the illogic of the distinction the majority poses. Here is the language from the *Penn* case to which the majority refers:

> We emphasize that we do not open the door to other petitions beyond those that would qualify under the facts in this case, especially the fact that it is presently between trial and appeal and can easily provide for an early hearing before the court that just heard the case.

That statement makes no effort to distinguish among bases for the writ in the context of timeliness and should be taken to apply to all "other petitions." Absent *reasons* for distinguishing among the grounds giving rise to the writ, all should be limited to the time prior to decision on appeal or none of them should be so limited.

GLAZE, J., joins in this opinion.