Antonio WILLIAMS, Kendrick Gillum, and Demarco Wilson *v.* STATE of Arkansas

CR 98-256                                      983 S.W.2d 407

Supreme Court of Arkansas
Opinion delivered December 17, 1998

*Donald A. Forrest*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

P ER CURIAM. At the conclusion of their joint trial in the Crittenden County Circuit Court, CR97-439A-C, appellants Antonio Williams, Kendrick Gillum, and Demarco Wilson were convicted by a jury of the capital murder of Charles Newsome. The Circuit Court filed a judgment and commitment order for each appellant sentencing him to a term of life imprisonment in the Arkansas Department of Correction without the possibility of parole. Each appellant filed a notice of appeal. The record was lodged with this Court on March 4, 1998. Mr. Williams and Mr. Gillum briefed the case jointly, and Mr. Wilson submitted a separate brief. The case was submitted for decision on November 19, 1998. We have not yet rendered a decision.

On November 18, 1998, Mr. Williams filed in this Court a "petition for writ of error *coram nobis* or petition to reinvest the trial court with jurisdiction to hear a motion for new trial." Mr. Gillum filed an identical petition here on November 25, 1998. In support of their petitions, they rely on the following: (1) an affidavit from Drexel Person in which Mr. Person avers that he and two other men shot Charles Newsome; and (2) an affidavit from Sylvia Thurman in which Ms. Thurman avers that she witnessed Frederick Tyrone Ellis shoot Mr. Newsome.

If a record of trial has been filed in this Court, an appellant seeking relief by writ of error *coram nobis* must obtain our

permission to pursue the writ in the trial court that rendered the conviction. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984); *Brady v. Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981). We therefore treat each appellant's petition as one requesting us to (1) grant permission to file a petition for a writ of error *coram nobis* in the Circuit Court; and (2) reinvest the Circuit Court with jurisdiction to hear the petition.

█ We grant the petitions based solely upon the affidavit of Mr. Person revealing a "third-party confession." *Brown v. State*, 330 Ark. 627, 632, 955 S.W.2d 901, 903 (1997). *See also Penn v. State, supra; Smith v. State*, 301 Ark. 374, 376, 784 S.W.2d 595, 596 (1990)(stating "a confession by a third party to the crime after trial and before we have decided the case on appeal" is a ground for *coram nobis* relief). *See generally* Annotation, Coram Nobis *on Ground of Other's Confession to Crime*, 46 A.L.R.4TH 468 (1986). As no decision has been rendered affirming the appellants' convictions, their petitions were timely filed. *See Brown v. State*, 330 Ark. at 631-32, 955 S.W.2d at 902 (stating that, although certain grounds for *coram nobis* relief may be asserted after affirmance, a claim based on a third-party confession "must be raised before affirmance of the judgment").

█ The Circuit Court must "determine the merits" of the appellants' *coram nobis* petitions. *Larimore v. State*, 327 Ark. 271, 278, 938 S.W.2d 818, 821 (1997). The Circuit Court

> has the discretion to grant or deny [the writ]. The petitioner has a heavy burden to meet, especially in a case like this which must be approached with some skepticism for confessions by others are not uncommon. A written confession by another would not, alone, be grounds for relief. Obviously, the complete circumstances surrounding the statement and all the available evidence should be carefully scrutinized before a writ is granted. The trial court is in a good position, as will be the prosecuting attorney, to consider and test the merits of the petition. If it has merit, by all means a writ should be granted; if the petitioner fails in his burden of proof, then at least a hearing will have resulted . . . .

*Penn v. State*, 282 Ark. at 576-77, 670 S.W.2d at 429.

We note that Mr. Wilson has not sought our permission to proceed by writ of error *coram nobis*. However, considering that the three appellants were tried jointly and that their appeal has come to us on one record under one docket number, we deem it appropriate, in these unique circumstances, to remand the entire case to the Circuit Court.

Petitions granted.