# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### DWAYNE COOK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Monroe County**
**No. 01-134    Carroll Ross, Judge**

---

**No. E2004-00572-CCA-R3-PC - Filed January 13, 2005**

---

The petitioner, Dwayne Cook, appeals the trial court's denial of his motion to reconsider the denial of his request to set aside his guilty plea and his alternative petition for writ of error coram nobis. The State has filed a motion requesting that this Court affirm the trial court's action pursuant to Rule 20, Rules of the Court of Criminal Appeals. The trial court properly denied relief as the pleadings were untimely filed and without merit.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE,  J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Dwayne Cook, Edgefield, South Carolina, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Jerry N. Estes, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In September 2001, the petitioner was convicted pursuant to a guilty plea of sale or delivery of methamphetamine.  He was sentenced to three years and released to probation after being credited with 44 days of pre-trial jail credit.  On December 15, 2003, the petitioner filed a letter and attachments in which he requested that the trial court permit him to withdraw his guilty plea in light of newly discovered evidence which he asserted proved his innocence of the drug offense.  The petitioner relied on an excerpt of a May 2002 interview between a federal investigator and a Mr. Clark Foxx, who was indicted along with the petitioner, in which Foxx reportedly informed the investigator that the petitioner was not present at the drug sale in question.  The petitioner also asserted that he had pleaded guilty as charged only out of fear of receiving a longer sentence if he went to trial and further noted that his conviction had caused enhancement of a federal sentence he was currently serving. In its December 15, 2003, order, the trial court denied relief, noting that it had been two years since judgment was entered and the trial court no longer had jurisdiction over the

defendant. Further, the court noted that the defendant was presently in federal custody in South Carolina. The petitioner filed a motion for reconsideration in which he requested that the court consider his pleadings instead as a petition for writ of error coram nobis. The trial court effectively denied the motion, noting thereon that it had ruled on the matter in its December 15 order. The instant appeal followed.

A defendant may attempt to withdraw a guilty plea prior to sentencing or, "to correct manifest injustice," after sentencing but before the judgment becomes final. See Tenn. R. Crim. P. 32(f). A trial court's judgment as a general rule becomes final thirty days after its entry. After the trial court loses jurisdiction, generally it retains no power to amend a judgment. As noted, the judgment in the present case was filed on September 28, 2001. No direct appeal was taken, and, accordingly, judgment became final on October 28, 2001. The petitioner's initial letter, construed as a motion to withdraw his guilty plea, was not filed until over two years later on December 15, 2003. Further, his motion to reconsider, in which he requested that his pleadings be instead considered as a petition for writ of error coram nobis, was filed well beyond the one year statute of limitations applicable to petitions for writ of error coram nobis and was dismissible on this ground alone. See Tenn. Code Ann. §27-7-103.

We nonetheless consider the merits of the petition. Once the judgment is final, a guilty plea may be set aside if the plea was not entered voluntarily, intelligently, and knowingly. State v. Mackey, 553 S.W.2d 337, 340-341 (Tenn. 1977). However,

> [a]n otherwise valid guilty plea does not become involuntary merely because it is induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial. Nor does it become involuntary by the mere fact that a third party has subsequently confessed to the crime as such assertions are not uncommon and must be approached with some skepticism.

Newsome v. State, 995 S.W.2d 129, 134 (Tenn. 2001) (citing Brown v. State, 330 Ark. 627, 955 S.W.2d 901, 902 (Ark. 1997)). In the instant case, the petitioner's "newly discovered evidence" does not even rise to the level of a third-party confession. It merely consists of a portion of an interview in which an investigator noted that according to a co-indictee, Foxx, "Cook pled guilty to the .7 grams distribution even though Foxx claims Cook was not there and was not involved in the deal." "The decision to grant or deny a petition for the writ of error coram nobis on the ground of subsequently or newly discovered evidence rests within the sound discretion of the trial court." State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 40-26-105. The petition was filed outside the statute of limitations and was otherwise without merit. The trial court properly denied the relief sought by the petitioner.

Accordingly, the state's motion for summary affirmance is granted and the judgment of the court below is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**NORMA MCGEE OGLE, JUDGE**