IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## DERRICK RICHARDSON v. STATE OF TENNESSEE

**Appeal from Criminal Court for Hamilton County**
**No. 304568     Barry A. Steelman, Judge**

_____

### No. E2018-01352-CCA-R3-ECN

_____

The Appellant, Derrick Richardson, appeals as of right from the Hamilton County Criminal Court's judgment summarily denying his petition for a writ of error coram nobis. The State has filed a motion to dismiss this appeal due to an untimely notice of appeal. Following our review, we conclude that the interest of justice requires a waiver of the timely filing of the notice of appeal and deny the State's motion to dismiss. We further conclude, however, that an opinion in this case would have no precedential value and affirm the judgment of the coram nobis court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Derrick Richardson, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett Ward, Assistant Attorney General; and Neil Pinkston, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Before the court is the State's motion to dismiss this appeal based upon the untimely filing of the notice of appeal. The pro se Appellant seeks an appeal as of right from the coram nobis court's summary denial of a petition for writ of error coram nobis. The coram nobis court's order denying the petition for writ of error coram nobis was filed on June 7, 2018. The pro se Appellant filed a notice of appeal with this court on July 25,

2018, forty-eight days after the entry of the coram nobis court's judgment. The pro se Appellant has not filed a response to the State's motion.

Tennessee Rule of Appellate Procedure 4(a) provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment." Tenn. R. App. P. 4(a). "[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." *Id*. The appellant bears the burden of establishing when the interest of justice mandates waiver of the timely filing of the notice of appeal. *State v. Kevin Montrell Thompson*, E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017). That said, the Appellant has not responded to the State's motion to dismiss. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (encouraging litigants to file a motion seeking permission to waive the timely filing of a notice of appeal or motion to dismiss prior to assignment to the court for consideration). In the notice of appeal, however, the Appellant contends that he did not receive timely notification of the entry of the coram nobis court's order denying relief. Under these circumstances, we conclude that a waiver of the timeliness of the notice of appeal is warranted. Therefore, the State's motion to dismiss is DENIED.

Although we have concluded that the interest of justice requires a waiver of the timely filing of the notice of appeal, we further conclude that an opinion in this case would have no precedential value. See Tenn. Ct. Crim. App. R. 20. The record reflects that the Appellant was convicted of first degree felony murder and sentenced to life imprisonment. The Appellant was convicted based upon a theory of criminal responsibility for the conduct of another. On direct appeal, the Appellant did not challenge the sufficiency of the evidence but raised only one issue concerning the trial court's jury instructions on criminal responsibility for the conduct of another. Finding no error, this court affirmed the Appellant's conviction for first degree felony murder. State v. Derrick Richardson, No. 03C01-9305-CR-00165, 1994 WL 247114 (Tenn. Crim. App. June 9, 1994), perm. app. denied (Tenn. Sept. 12, 1994). As this court noted on direct appeal,

> There was conflicting testimony. We will attempt to fairly summarize the facts. In the early morning hours of December 8, 1993, the defendant, Gregory Strong, Stanley Gillespie, and Calvin Johnson were at or near the Heaton Street residence of LaKeysh Davis, the mother of Johnson's son. Apparently upset because Davis' husband had been shot only a short while earlier, all of the men were armed with guns. The victim, Louie Dwight, stopped his vehicle, approached the defendant and Strong as they stood on the side of the street, and asked to buy drugs. The defendant, armed with a .38 pistol, and Strong, carrying a pump shotgun, fired several shots, took the victim's money, and threw his wallet on the ground.

Johnson testified that he and Gillespie heard the shooting and approached the scene. Johnson carried an AK47 assault rifle and Gillespie had a .380 pistol. Each fired shots. *Either the defendant or Stanley Gillespie, or both, shot the victim in the legs. The victim got into his vehicle to leave, stopped, and returned to retrieve his wallet. He then drove away. After a short distance, however, the victim lost consciousness and wrecked. He died due to multiple gunshot wounds to his legs.*

The Hamilton County Medical Examiner testified that the victim was struck by three bullets; there were two wounds in the right leg. A shot to the left leg pierced its main artery. All shots that struck the defendant were fired by low velocity weapons: a .38 or a .380.

Ms. Davis stated that the defendant, Gillespie, and Strong participated in the robbery. She testified that the defendant held his weapon on the victim, took his wallet, and shot him in the leg. Strong testified that he and the defendant never had any kind of agreement to rob the victim and blamed the defendant for that offense. During the pretrial investigation, Strong stated that the defendant had shot at the victim's legs; at trial, he said he did not know who fired the shots that actually struck the victim.

The defendant, who told officers he fired his weapon twice, admitted having shot at the victim's truck but denied shooting the victim. While conceding that the victim handed him the wallet, the defendant testified that Strong took the money and was responsible for the robbery. At that point, he said, Johnson and Gillespie arrived. The defendant claimed Johnson shot at the victim's truck while Gillespie fired the fatal shots.

Id. at *1 (emphasis added).

On March 29, 2018, the Appellant filed his third pro se petition for writ of error coram nobis, this time supported by the affidavits of two purported witnesses stating that they saw the Appellant walking away from the scene of the robbery and murder and that codefendant Gillespie was the shooter. On June 7, 2018, the coram nobis court summarily denied coram nobis relief, ruling that the new testimony identifying codefendant Gillespie as the shooter would not exculpate the Appellant from criminal responsibility for the felony murder. The coram nobis court also ruled that to the extent the new testimony attempted to eliminate the Appellant's presence from the scene entirely, that testimony was inconsistent with the Appellant's own admissions made to the police and at trial wherein he placed himself at the scene and admitted to shooting the victim.

A writ of error coram nobis is an "extraordinary remedy" available only under very limited circumstances, and thus it is "known more for its denial than its approval." *State*

*v. Mixon,* 983 S.W.2d 661, 666 (Tenn.1999) (citing *Penn v. State,* 282 Ark. 571, 670 S.W.2d 426, 428 (Ark.1984)). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn.Code Ann. § 40–26–105(b) (2006); *see State v. Hart,* 911 S.W.2d 371, 375 (Tenn.Crim.App.1995). The decision to grant or deny the writ rests within the discretion of the trial court. *Teague v. State,* 772 S.W.2d 915, 921 (Tenn.Crim.App.1988), *overruled on other grounds by Mixon,* 983 S.W.2d at 671 n. 13. We cannot conclude that the coram nobis court abused its discretion in denying the Appellant's petition. As stated by the coram nobis court, there is no proof alleged in the petition that may have resulted in a different judgment had it been presented to the jury.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Hamilton County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE