IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

**JERRY P. HALEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 8498     Joe H. Walker, III, Judge**

_____

**No. W2021-00777-CCA-R3-ECN**
_____

The petitioner, Jerry P. Haley, appeals the denial of his petition for writ of error coram nobis by the Lauderdale County Circuit Court, arguing the coram nobis court erred in summarily dismissing the petition because newly discovered evidence exists which is material to his case.  After our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and JOHN W. CAMPBELL, SR., JJ., joined.

Jerry P. Haley, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Julie Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In June 2009, a Lauderdale County jury convicted the petitioner of aggravated rape, aggravated criminal trespass, and aggravated kidnapping for which he received an effective sentence of sixty years in the Tennessee Department of Correction.  On direct appeal, this Court summarized the facts surrounding the petitioner's convictions, as follows:

At approximately 4:00 a.m. on the day of the incident, the victim awoke to discover that the [petitioner] had entered her home through a bathroom window.  The victim had previously been asleep in her bedroom,

and her three young children were asleep in separate rooms in the home. The [petitioner], armed with a screwdriver, approached the victim's bed and proceeded to hold her down while vaginally raping her. He repeatedly threatened her life while pressing the screwdriver into her neck and abdomen. Afterward, the [petitioner] ordered the victim to go into the bathroom and bathe. The [petitioner] did not initially accompany the victim into the bathroom but remained in the bedroom where he proceeded to remove the sheets from the victim's bed. While the victim was in the bathroom, she ran water in the bathtub but only pretended to bathe, as she knew that she had the [petitioner's] sperm on her body. The [petitioner], at some point, did enter the bathroom and reminded the victim that she was not to go to the police. Thereafter, the victim heard the [petitioner] exit the house through the backdoor. Prior to the time she awoke to find the [petitioner] in her bedroom, the victim had never seen the [petitioner] before. She stated that the [petitioner] did not have permission to enter her home and that any sexual contact between the two was not consensual. She also stated that her cell phone was taken by her attacker.

After hearing the [petitioner] leave, the victim proceeded to gather her children and leave the home. She called a friend, who met her at the hospital. Police were called and met the victim at the hospital. The victim was still visibly shaken and upset but was able to give police a general description of her attacker. After receiving treatment at the hospital, the victim was taken to the sexual assault center in Memphis where a rape kit was collected. Along with the victim's clothing and bed linens, the rape kit was sent to the Tennessee Bureau of Investigation (TBI) for testing. In the interim, police asked the victim to view a photographic lineup, and she selected Courtney Ricks as someone who looked similar to her attacker.

A sample of sperm was found on the victim, and the resulting profile was entered into the CODIS database. The sample entered matched that of the [petitioner], which had previously been entered into the system. After learning that the sperm found on the victim matched the [petitioner's] DNA profile, officers located him in the Henry County jail where he was incarcerated on separate charges. Officers met with the [petitioner], and he denied having sex with a "white woman" in the victim's area. He did provide a DNA sample to officers, which was tested and verified as a match to the sperm found on the victim.

Based upon this information, the [petitioner] was indicted by a Lauderdale County grand jury for aggravated rape, aggravated kidnapping,

and aggravated burglary. A trial was held at which the victim and police officers testified to the above facts. In his defense, the [petitioner] testified and called John Wallace, a friend whom the [petitioner] had known for several years. Both testified that, on the day in question, the [petitioner] called Wallace and asked him to come to Ripley to pick up the [petitioner]. After picking up the [petitioner], the two, along with Wallace's girlfriend, proceeded to a home, which the [petitioner] believed belonged to Courtney Ricks, in order to purchase cocaine. The [petitioner] further testified that Courtney Ricks informed him that his girlfriend was in the back bedroom and that she might have sex with the [petitioner] in exchange for cocaine. According to the [petitioner], he went into the back bedroom of the home and found the victim, with whom he then engaged in consensual sex. Afterward, according to both the [petitioner] and Wallace, the group left the home and went to a motel in Union City.

*State v. Jerry Phillip Haley*, No. W2009-01800-CCA-R3-CD, 2010 WL 3605235, at *1-2 (Tenn. Crim. App. Sept. 16, 2010), *perm. app. denied* (Tenn. Feb. 17, 2011).

Following his direct appeal, the petitioner filed a petition for post-conviction relief, which the post-conviction court denied. This Court affirmed the post-conviction court on appeal. *Jerry Haley v. State*, No. W2013-00419-CCA-R3-PC, 2013 WL 6389590, at *1 (Tenn. Crim. App. Dec. 5, 2013), *perm. app. denied* (Tenn. Apr. 9, 2014).

On June 1, 2021, the petitioner filed a petition for writ of error coram nobis, arguing he received ineffective assistance of counsel, the trial court erred in imposing consecutive sentences, and a conflict of interest between a juror and State's witness constituted plain error.[1] The petitioner requested the coram nobis court toll the statute of limitations "due to the status of [the] witness's battle with cancer and needing surgery on both eyes, [which] caused confirmation to be stalled." Additionally, the petitioner filed an amended petition in which he argued the algorithm used to select the jury pool in Lauderdale County violated his due process right to a fair and impartial jury.[2] The coram nobis court issued an order denying the petition for writ of error coram nobis[3], and the petitioner filed a "motion for

---

[1] The record on appeal does not contain the petitioner's initial petition. We have ascertained the date of filing from the coram nobis court's order denying relief. However, a copy of the initial petition was attached to the petitioner's "motion for reconsideration of error coram nobis denial," which is included in the appellate record.

[2] The amended petition included in the appellate record is not file-stamped. However, the certificate of service indicated that it was mailed on May 19, 2021.

[3] The appellate record does not contain the coram nobis court's initial order denying relief.

reconsideration of error coram nobis denial" on July 2, 2021. On July 6, 2021, the coram nobis court again denied relief, finding:

1. [The petitioner] was tried by jury and convicted, which was upheld on appeal in 2010.
2. The [c]ourt finds that the claim is barred by the one[-]year statute; that there has been no showing that due process would preclude the application of the statute.
3. The petitioner has not stated proper grounds for coram nobis.

Accordingly, the coram nobis court dismissed the petition, and this timely appeal followed.

*Analysis*

On appeal, the petitioner contends the coram nobis court erred in summarily dismissing his petition. Specifically, he argues the trial court erred in imposing consecutive sentences, the algorithm used to select the jury pool in Lauderdale County violated due process and equal protection, a conflict of interest between a juror and State's witness violated equal protection, and trial counsel and post-conviction counsel were ineffective. He also asserts that due process requires the tolling of the statute of limitations. The State submits the coram nobis court properly dismissed the petition as untimely, and the petitioner failed to state a colorable claim for coram nobis relief.

A writ of error coram nobis is available to convicted defendants based on subsequently or newly discovered evidence. Tenn. Code Ann. § 40-26-105(a), (b) (2006). However, a writ of error coram nobis is an "*extraordinary* procedural remedy" that "fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citing *Penn v. State*, 670 S.W.2d 426, 428 (Ark. 1984)); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002)).

"It may be granted only when the coram nobis petition is in writing, describes 'with particularity' the substance of the alleged newly discovered evidence, and demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citing and quoting *Payne v. State*, 493 S.W.3d 478, 484-85 (Tenn. 2016)). "In order to qualify as newly discovered evidence, 'the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible.'" *Id.* (quoting *Payne*, 493 S.W.3d at 484-85).

Additionally, the coram nobis petition must show why the newly discovered evidence "'could not have been discovered in a more timely manner with the exercise of reasonable diligence' and how the newly discovered evidence, had it been admitted at trial,

- 4 -

'may have resulted in a different judgment.'" *Id*. (quoting *Payne*, 493 S.W.3d at 484-85). "The statute presupposes that the newly discovered evidence would be admissible at trial." *Id.* (citing *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012); *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995)).

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> (b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding.

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *State v. Hall*, 461 S.W.3d 469, 496 (Tenn. 2015). If a petition for coram nobis relief is granted, the judgment of conviction will be set aside and a new trial will be granted. *Payne*, 493 S.W.3d at 485.

"[C]oram nobis petitions with inadequate allegations are susceptible to summary dismissal on the face of the petition, without discovery or an evidentiary hearing." *Nunley*, 552 S.W.3d at 831. "This holding correlates with the 'less intense' abuse-of-discretion standard of appellate review for a trial court's decision on whether to grant a writ of error coram nobis." *Id.* at 826.

In addition to the requirements regarding specificity, petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The statute of limitations is calculated from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely, post-trial motion. *Payne*, 493 S.W.3d at 484; *Mixon*, 983 S.W.2d at 670. A petition for a writ of error coram nobis may be summarily dismissed if it fails to show on its face that it has been timely filed because the timely filing requirement in Code section 27-7-103 is an essential element of a coram nobis claim. *Nunley*, 552 S.W.3d at 828. "[T]he statute of limitations set forth in

Section 27-7-103 is not an affirmative defense that must be specifically raised by the State in error coram nobis cases; instead, the coram nobis petition must show on its face that it is timely filed." *Id.*

Due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. *Workman*, 41 S.W.3d at 101-102. Due process requires the tolling of a statute of limitations period when a petitioner would otherwise be denied "'an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). "To accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." *Nunley*, 552 S.W.3d at 828-29 (citing *Wilson*, 367 S.W.3d at 234).

If the coram nobis petition does not show on its face that it is filed within the one-year statute of limitations, the petition must set forth with particularity facts demonstrating that the prisoner is entitled to equitable tolling of the statute of limitations:

> To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the prisoner a reasonable opportunity to present his or her claims.... A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

*Harris v. State,* 301 SW3d 141, 153 (footnotes omitted) (Koch, J. concurring) (citing *Sample v. State*, 82 S.W.3d 267, 272 (Tenn. 2002); *Sands*, 903 S.W.2d at 301; *Burford*, 845 S.W.2d at 205).

"If a petition for a writ of error coram nobis fails to show on its face either that it has been timely filed in accordance with Tennessee Code Annotated section 27-7-103 or specific facts showing why the petitioner is entitled to equitable tolling of the statute of limitations, the trial court is within its discretion to summarily dismiss it." *Id.* A trial court is not required to conduct an evidentiary hearing prior to dismissing a coram nobis petition if the petition fails to meet the necessary prerequisites for granting coram nobis relief. *Id.* (citation and internal quotation marks omitted). Moreover, "[i]f the averments in the petition are insufficient to warrant relief, the petition may be dismissed prior to any

response from the [S]tate and without a hearing." *Id.* (citation and internal quotation marks omitted).

Following our review of the record, we conclude the coram nobis court did not err in summarily dismissing the petitioner's petition for writ of error coram nobis. The petitioner's sentencing hearing was held on July 10, 2009, and our supreme court denied his appeal on February 17, 2011. He filed the instant petition on June 1, 2021, almost twelve years after his convictions became final. Clearly, the petitioner does not make a claim of actual innocence. Nor has the petitioner shown that his claims are "later arising." Instead, his arguments relate to sentencing and jury selection. Additionally, the petitioner claims ineffective assistance of counsel. Not only is ineffective assistance of counsel not an appropriate ground for coram nobis relief, s*ee Mindy Dodd v. State*, No. M2013-02385-CCA-R3-ECN, 2014 WL 1605168, at *3 (Tenn. Crim. App. Apr. 22, 2014), *perm. app. denied* (Tenn. Aug. 29, 2014), but "[a] claim of ineffective assistance of counsel does not justify tolling the statute of limitations for coram nobis relief." *James Dellinger v. State*, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576, at *12 (Tenn. Crim. App. Aug. 18, 2015), *perm. app. denied* (Tenn. May 6, 2016). Accordingly, due process does not require a tolling of the statute of limitations, and the coram nobis court did not abuse its discretion in summarily dismissing the petition for writ of error coram nobis. *See Nunley*, 552 S.W.3d at 828-29. The petitioner is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the coram nobis court is affirmed.

_____
J. ROSS DYER, JUDGE

- 7 -