# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 18, 2012

## TONEY JASON HALE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 12237    Lee Russell, Judge**

---

**No. M2011-01992-CCA-R3-CO Filed May 23, 2012**

---

In 2004, the petitioner, Toney Jason Hale, pled guilty before the Bedford County Circuit Court to three counts of automobile burglary, a Class E felony. He received an effective sentence of three years as a Range I, standard offender, to be served consecutively to a previously imposed Marshall County sentence. Seven years later, in 2011, the petitioner filed a petition for writ of error coram nobis, alleging that his convictions violated double jeopardy protections. The coram nobis court dismissed the petition after a hearing. The petitioner argues on appeal that the court erred in denying him relief. Upon review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined and JERRY L. SMITH, J., not participating.

Trisha A. Bohlen, Bell Buckle, Tennessee, for the Petitioner-Appellant, Toney Jason Hale.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; Charles F. Crawford, Jr., District Attorney General and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Following the petitioner's March 4, 2004 guilty plea, the trial court entered judgment on April 16, 2004. On direct appeal, the petitioner challenged the trial court's decision to order the sentence in this case to be served consecutively to the sentence arising from his Marshall County convictions. See State v. Toney Jason Hale, No. M2004-01370-CCA-R3-CD, 2005 WL 1812825, at *1 (Tenn. Crim. App., at Nashville, Aug. 2, 2005). This court affirmed the trial court's judgments. Id.

On February 17, 2011, the petitioner filed a pro se petition for writ of error coram nobis alleging that his convictions violated double jeopardy protections. He asserted that his crimes in Bedford County were committed as part of the same criminal episode as his crimes in Marshall County, for which he had already been convicted and sentenced in a separate prosecution. Acknowledging that the petition was filed outside the one-year statute of limitations, the petitioner asserted that principles of due process required tolling because he "ha[d] only recently come to understand his [double jeopardy] rights." The State filed a motion to dismiss, arguing that the petition was untimely, did not assert any grounds to toll the statute of limitations, and did not allege any grounds for which relief could be granted. The court, without ruling on the State's motion to dismiss, appointed counsel and held an evidentiary hearing.

At the hearing, the petitioner testified that he burglarized a number of automobiles on consecutive dates in Marshall and Bedford Counties. He pled guilty in the Marshall County Circuit Court to the crimes he committed in Marshall County. After he pled, he was indicted in this case for the burglaries that he committed in Bedford County. He was represented by counsel in both cases. The petitioner testified that he believed the Bedford County offenses should have been prosecuted with the Marshall County offenses.

The statements the petitioner and his accomplices gave to police during the investigation of the burglaries were admitted into evidence at the hearing. In the petitioner's statement, he provided a narrative of his burglary spree. He described in detail the cars he burglarized and the items he took from each. He also described the locations of the cars, including both Bedford and Marshall Counties. Also admitted as an exhibit was the discovery form that the State provided the petitioner in the prosecution of this case. That form states, in relevant part:

> [T]he Defendant's prior criminal record is as follows: Defendant's NCIC available for inspection upon request.
>
> MARSHALL COUNTY CIRCUIT NO. 15572 – AUTO BURGLARY (16 COUNTS) – 7/9/03 10 YEARS.

The petitioner testified that he had seen neither of these items since his trial.[1] On cross-examination, the petitioner testified that he wrote the statement he gave to police and had been aware of its existence since he wrote it in 2003.

---

[1] Because the petitioner pled guilty, he did not have a trial. Nevertheless, "trial" in the context of coram nobis proceedings includes a guilty plea proceeding. Wlodarz v. State, – S.W.3d –, 2012 WL 581210, at *7-10 (Tenn. Feb. 23, 2012).

After the hearing, the coram nobis court dismissed the petition. The court determined that the petition was time-barred because it was filed outside the one-year statute of limitations and that due process concerns did not warrant tolling the statute. The court stated:

> I don't find that there is any great injustice or any injustice, period, in this situation in requiring a one-year [statute of limitations] to apply. He knew about the statements; he knew where he was prosecuted, out of which courts and counties his sentences were, and for that reason, I don't believe there's a basis for having due process consideration[s] to extend the period of time to file.

The court additionally ruled that the petitioner did not present "any new evidence here or any other basis for granting Coram Nobis relief." The court reasoned, "[A]ll along, again, he has known where the crimes took place and where he was being prosecuted. And he surely knew about a statement that he had made, whether he forgot about it or not." The petitioner subsequently filed a timely notice of appeal.

A writ of error coram nobis is available to convicted defendants. T.C.A. § 40-26-105(a) (2006). However, a writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)). "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 165, 167 (Tenn. 1966)).

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> (b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or, in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

(c) The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause. . . .

T.C.A. § 40-26-105 (b), (c). In the context of a guilty plea, the petitioner requesting a writ to issue must "present newly discovered evidence [showing] that his plea was not voluntarily or knowingly entered." Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998); see also Wlodarz, 2012 WL 581210, at *7 (approvingly discussing Newsome). "The decision to grant or deny a petition for the writ of error coram nobis on the ground of subsequently or newly discovered evidence rests within the sound discretion of the trial court." Hart, 911 S.W.2d at 375 (citations omitted).

The statute of limitations for a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. § 27-7-103; Mixon, 983 S.W.2d at 671. For the purposes of a coram nobis petition, a judgment becomes final thirty days after the entry of the trial court's judgment if no post-trial motions are filed or upon entry of an order disposing of a timely post-trial motion. Mixon, 983 S.W.2d at 670 (citing Tenn. R. App. P. 4(c); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)). The State has the burden of raising the statute of limitations as an affirmative defense. Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010) (citing Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003)). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. Id. at 144 (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

Here, the petitioner argues, for the first time on appeal, that the discovery document introduced at the hearing constitutes new evidence. He maintains that it proves the State failed to inform the petitioner of the dates of the Marshall County offenses, information that would have alerted the petitioner's counsel to the double jeopardy problem. According to the petitioner, this constitutes new evidence which is sufficient to support his coram nobis petition. He makes no argument on appeal regarding the statute of limitations and whether due process should toll it.

The State responds that the coram nobis court properly dismissed the petition. It asserts that the petition was barred by the statute of limitations and that no due process concerns justify tolling the statute. The State also argues that the petitioner has not asserted any new evidence and that constitutional claims, such as the petitioner's double jeopardy claim, are not cognizable in coram nobis proceedings. We agree with the State that the coram nobis court properly dismissed the petition.

We first consider whether the statute of limitations barred the petition. Although the petition was filed outside the one-year statute of limitations, due process concerns may toll

the statute to allow a late-filed petition. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). The Tennessee Supreme Court has explained:

> These due process considerations refer to the principle that "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. See Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006).

Harris, 301 S.W.3d at 145. In order to determine whether due process concerns require a tolling of the statute of limitations, "a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." Id. (citing Workman, 41 S.W.3d at 103). In weighing these interests, courts should use the following test:

> (1) determine when the limitations period would normally have begun to run;

> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. (citing Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)).

In applying this test, we must first determine when the limitations period would normally have begun to run. The judgments in this case were entered on April 16, 2004, and the statute of limitations would have begun to run thirty days later on May 16. Therefore, the one-year statute of limitations would have expired on May 16, 2005. The petitioner did not file his petition for a writ of error coram nobis until February 17, 2011, almost six years after the statute lapsed.

Second, we must determine whether the grounds for relief arose after the statute of limitations would normally have commenced. The petitioner's grounds for relief, the alleged double jeopardy violation, arose when he was prosecuted in this case for the Bedford County burglaries. Furthermore, the petitioner's police statement indicates he knew at the time of

his arrest that the offenses were committed in both Bedford and Marshall Counties and that he committed them as part of the same spree. Although the petitioner asserts that the grounds for relief arose only once he became aware of the double jeopardy doctrine, this court has previously stated that "ignorance [of the law] does not create a due process avenue of relief." Gerald Wayne Carter v. State, No. W2008-00652-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App., at Jackson, Nov. 13, 2008); cf. Guillermo Matiaz Juan v. State, No. 03C01-9708-CR-00318, 1999 WL 76453, at *1-2 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999) (holding that ignorance of law does not justify tolling the post-conviction statute of limitations), perm. app. denied (Tenn. July 12, 1999). The petitioner's grounds for relief, therefore, arose before the limitations period would normally have commenced. In light of this determination, we need not consider whether a strict application of the statute of limitations would deny the petitioner a reasonable opportunity to present his claim. The statute of limitations barred his petition.

Notwithstanding our conclusion that the petition was filed outside the applicable statute of limitations, we also agree with the State that the petition failed to assert subsequent or newly discovered evidence, which is required for a writ of error coram nobis. See T.C.A. § 40-26-105(b). Instead, the petitioner asserts only in his appellate brief that newly discovered evidence of alleged inadequacies in the State's disclosure of his prior conviction is sufficient to support his petition. He argues, "[T]he information revealing the criminal episode was not produced by the State and therefore not known to defense counsel at the trial level. This omission likely caused [the petitioner] to be sentenced again for the same crime in another county, thus violation [sic] [the petitioner]'s Due Process protections." The alleged "omission" to which the petitioner refers is that the date listed on the discovery form beside his Marshall County offense is the conviction date, July 9, 2003, rather than the offense date, March 10-12, 2003.[2] Initially, we note that the petitioner has waived this issue for failing to include it in his petition. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."). Waiver aside, we conclude that the discovery form cannot constitute newly discovered evidence. "To be considered 'newly discovered,' the evidence must have been unknown to the defendant at the time of the proceedings giving rise to his conviction." Wlodarz, 2012 WL 581210, at *12 (citing Harris, 301 S.W.3d at 160 (Koch., J., concurring)). The petitioner had seen the form at the time of his guilty plea. Furthermore, the petitioner knew before he pled guilty the dates on which he committed the offenses and would have been able to identify any error on the discovery form. Any alleged error on the form regarding the dates of the offenses, therefore, cannot be considered newly discovered evidence for the purposes

---

[2]The judgment forms for the Marshall County offenses do not appear in the record. We rely on the petitioner's pro se petition for the fact that the offenses occurred on March 10-12 and that the conviction date is July 9.

of pursuing a coram nobis petition. Accordingly, we conclude that the trial court properly denied the petition on this basis.

Finally, we agree with the State that the petitioner's argument regarding double jeopardy violations is inappropriate for a writ of error coram nobis. This alleged error could have been litigated in the trial court before the plea and on direct appeal. As a result, it is not an appropriate issue for a writ of error coram nobis. See T.C.A. § 40-26-105(b) ("The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or, in a habeas corpus proceeding."). The State further asserts that all claims based on violations of constitutional rights, such as the instant double jeopardy claim, are not cognizable under coram nobis proceedings because they amount to errors of law rather than errors of fact. This argument, however, sweeps too broadly, as some constitutional violations are cognizable under a writ of error coram nobis. See Freshwater v. State, 160 S.W.3d 548, 554-56 (Tenn. Crim. App. 2004) (holding that alleged constitutional Brady violations that were not and could not have been litigated earlier were cognizable in a coram nobis proceeding). But see Jeffrey Scott Miles v. State, No. 03C01-9903-CR-00103, 2000 WL 2647, at *2 (Tenn. Crim. App., at Knoxville, Jan. 4, 2000) (holding that claims of constitutional due process error are not cognizable under a writ of error coram nobis). Here, it is sufficient to adhere to the statutory principle that coram nobis recognizes claims that "were not or could not have been litigated" at an earlier proceeding. T.C.A. § 40-26-105(b). Consequently, the petition was properly dismissed.

## CONCLUSION

Upon review, we affirm the coram nobis court's dismissal of the petition.

_____
CAMILLE R. McMULLEN, JUDGE