IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville August 19, 2015

**JIMMY RAY KING v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Grundy County**
**No. 3652    Thomas W. Graham, Judge**

---

**No. M2015-00440-CCA-R3-ECN – Filed October 23, 2015**

---

Eleven years after he entered a guilty plea to second degree murder, the Petitioner, Jimmy Ray King, filed a petition for a writ of error coram nobis based on newly discovered evidence. The State filed a motion to dismiss the petition as barred by the statute of limitations, which was granted by the coram nobis court. In this appeal, the sole issue presented for our review is whether due process required tolling of the statute of limitations. Upon our review, we affirm the judgment of the coram nobis court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

B. Jeffery Harmon, District Public Defender, and Robert G. Morgan, Assistant Public Defender, Jasper, Tennessee, for the Defendant-Appellant, Jimmy Ray King.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and J. Michael Taylor, District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Petitioner was indicted by a Grundy County Grand Jury on July 9, 2001, for first degree murder in the shooting death of his wife. On July 24, 2002, he pleaded guilty to the lesser included offense of second degree murder and was sentenced to fifty years in the Tennessee Department of Correction. The judgment became final on August 23, 2002. Almost eleven years later, on June 14, 2013, the Petitioner filed a pro se petition for writ of error coram nobis. In support of his petition, he claimed that his guilty plea was not knowingly and voluntarily entered because of newly discovered evidence concerning the adverse effects of the prescription medication Xanax. The Petitioner

specifically relied upon a clinical study which purportedly showed that Xanax induced suicidal thoughts and depression, as well as impulsive, violent behavior. The Petitioner further stated that at the time of his guilty plea, he was prescribed Xanax and experienced the reported side effects. Finally, the Petitioner argued that the one-year statute of limitations should be tolled because the clinical study on Xanax was not completed within the statutory period.

On April 30, 2014, the State filed a motion to dismiss the petition, arguing that the Petitioner's claim was barred by the statute of limitations and that due process did not require tolling the statute of limitations. After the appointment of counsel, the Petitioner filed a memorandum responding to the State's motion to dismiss on December 2, 2014. On January 8, 2015, the coram nobis court issued an order summarily dismissing the petition as barred by the one-year statute of limitations and finding that no due process concerns warrant tolling the statute. The court further stated:

> The Petitioner has given no explanation as to why he did not raise the adverse drug reaction objection at or before the guilty plea hearing or within a year thereafter, given the fact that the adverse effects of Xanax were widely reported in the medical literature beginning in the 1970's and throughout the 1980's and 1990's and beyond.

This appeal then followed.

## ANALYSIS

The Petitioner contends that the coram nobis court erred in dismissing the petition without considering research on the adverse effects of Xanax that were discovered after entry of his 2002 guilty plea. The State maintains that the petition was filed beyond the statute of limitations and that the Petitioner has failed to show that due process requires tolling the statute of limitations. Upon our review, we agree with the State.

A writ of error coram nobis is available to convicted defendants. T.C.A. § 40-26-105(a) (2006). However, a writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)); State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 165, 167 (Tenn. 1966)).

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> (b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (Supp. 2009). A petition for writ of error coram nobis must contain the following: "(1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner." Freshwater v. State, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004) (citing Hart, 911 S.W.2d at 374-75).

A guilty plea is a "trial" within the meaning of the coram nobis statute. Wlodarz v. State, 361 S.W.3d 490, 502, 504 (Tenn. 2012). In the context of a guilty plea, a petitioner requesting a writ to issue must "present newly discovered evidence [showing] that his plea was not voluntarily or knowingly entered." Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998); see also Wlodarz, 361 S.W.3d at 501 (approvingly discussing Newsome). "The decision to grant or deny a petition for the writ of error coram nobis on the ground of subsequently or newly discovered evidence rests within the sound discretion of the trial court." Hart, 911 S.W.2d at 375 (citations omitted).

The statute of limitations for a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. § 27-7-103; Mixon, 983 S.W.2d at 671. For the purposes of a coram nobis petition, a judgment becomes final thirty days after the entry of the trial court's judgment if no post-trial motions are filed or upon entry of an order disposing of a timely post-trial motion. Mixon, 983 S.W.2d at 670 (citing Tenn. R. App. P. 4(c); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)). Due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. Harris v. State, 301 S.W.3d 141, 145 (Tenn. 2010). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants

be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

The State has the burden of raising the statute of limitations bar as an affirmative defense in a coram nobis proceeding. Harris, 301 S.W.3d at 144 (citing Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003)). Whether a claim is barred by the statute of limitations is a question of law, which this court reviews de novo. Id. (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

In the present case, the judgment became final in August of 2002. The Petitioner did not file a petition for writ of error coram nobis until June of 2013. Although the petition was filed outside the one-year statute of limitations, we must now consider whether due process concerns toll the statute to allow a late-filed petition. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). In doing so, this court "must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." Id. (citing Workman, 41 S.W.3d at 103). In weighing these interests, courts should conduct the following analysis:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. (citing Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995)).

The judgment in this case was entered on July 24, 2002, and the statute of limitations would have begun to run thirty days later on August 23, 2002. Therefore, the one-year statute of limitations expired on August 23, 2003. The Petitioner did not file his petition for a writ of error coram nobis until June 14, 2013, almost ten years after the statute lapsed. In regard to whether the grounds for relief arose after the statute of limitations would normally have commenced, the Petitioner's affidavit submitted in support of his petition relies upon "[r]ecent studies done on Xanax." The record reflects that the coram nobis court was provided two appendices to the petition which contained the recent studies. Notably, the coram nobis court cited to those appendices in finding that the Petitioner failed to prove that the evidence of adverse effects of Xanax

-4-

constituted newly discovered evidence under the law because those harmful effects were widely known throughout the 1970's, 1980's, and 1990's. Unfortunately, those appendices are not included in the record on appeal. The Petitioner has a duty to prepare a record that conveys a fair, accurate and complete account of what transpired in the trial court regarding the issues that form the basis of the appeal. Tenn. R. App. P. 24(b). In the absence of a complete appellate record, this court must presume that there was sufficient evidence to support the trial court's ruling. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Given the state of the appellate record, we are unable to examine the alleged newly discovered evidence, specifically the clinical studies upon which the Petitioner relies, in order to determine whether his grounds for relief actually arose after the expiration of the statute of limitations. Accordingly, we must presume the decision of the trial court finding that the evidence was not "later-arising" is correct. Because the petition was filed well beyond the statute of limitations period and no due process concerns precluded application of the limitations period, the Petitioner is not entitled to relief.

## CONCLUSION

Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee, the judgment of the coram nobis court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

-5-